Bonnell v. Mawha.

ALEXANDER BONNELL v. JAMES MAWHA.

1. When it affirmatively appears in the case that the entries in the daybook, or some of them, have been carried into the ledger, the two books must be offered together.
2. A party may rely on proof of the admission of the defendant that a fixed sum is due on account, without the production of his books containing the account referred to.

Bonnell v. Mawha.

In case. On rule to show cause.

Argued at June Term, 1874, before BEASLEY, Chief Justice, and Justices BEDLE, WOODHULL and SCUDDER.

For the plaintiff, *G. A. Allen.*

For the defendant, *Van Fleet.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The plaintiff sues, by virtue of the statute, in his own name as the owner of a book of account, which had been assigned to him, the assignor having died. In order to substantiate this claim, certain books of original entries were produced and duly proved at the trial. It further appeared that there were other books connected with the account in question, one of them being the ledger into which the account had been carried. The books produced were overruled by the court, on the ground that the evidence did not comprise all the books connected with the transaction. The present motion is, to set aside the non-suit which resulted from this judicial action.

In my opinion, the ruling of the judge, with respect to the evidence in question, was clearly right. The ledger was a part of the party's own record of the matter in suit. In the case of *Prince, Executor,* v. *Swett,* 2 *Mass.* 569, it appeared from marks in the day-book, that the account had been transferred to the ledger, and the court said : " When an account is transferred to a ledger from a day-book, the ledger should be produced, that the other party may have advantage of any items entered therein to his credit." To this extent, the rule seems to be undisputed ; that is, the ledger is a necessary part of the proof when it affirmatively appears that it contains entries relative to the affair in suit. Even the case of *Tindall* v. *McIntyre,* 4 *Zab.* 147, admits the rule in this restricted form, for it was there held that the ledger was immaterial, it not being shown that any of the accounts

had been posted or credits entered in that book. Beyond this limit, the rule requiring the production of all the relevant books of the creditor, ought not to be narrowed. Books of account are evidence of a party's own making, are open to much criticism, and being violations of general principles, are admitted only on the ground of necessity. It is certainly requiring but little to exact that the whole of the entries made by the party, should be presented in court. I entirely concur in the ruling at the circuit, that the fragment of evidence offered, could not be received.

But it is urged in the brief of counsel, that irrespective of this overruled evidence, a *prima facie* case was established in favor of the plaintiff. This contention rests upon the claim that the paper constituting the assignment of the book account to the plaintiff, besides being possessed of this efficacy, is a draft drawn by the assignor upon the defendant, and that it was accepted by the latter. But I think the proofs fail entirely to sustain this assumption. There was no acceptance by the defendant, nor any semblance of such an act. When the order was presented to him, the defendant said, "he had no money and could not pay it at that time,"—the plaintiff proposed to extend the time by taking his note with a good endorser—but this the defendant declined, on the ground that if he gave the note "he was afraid he could not pay it at maturity." The acceptance of a draft is a promise to pay it according to its terms. In this case the defendant distinctly stated he could not pay it according to its tenor, nor would he fix a time in the future, when he would engage to do so. Here was plainly not an acceptance.

But I think there was ground on which the plaintiff has a right to claim that he made a case which ought to be submitted to the jury. It is this: The proofs showed very strongly that the defendant admitted that there was a certain balance due on account from him to the plaintiff's assignor. The order was in these words, viz.: JAMES MAWHA, Esq.: Dear Sir—In settlement of an account with A. Bonnell, Esq., I have assigned to him my claim against you, ($1653.36,)

sixteen hundred and fifty-three dollars and thirty-six cents, being the balance due from you January 1st, 1867, which amount please pay to him, with interest from that date, and oblige, yours truly, E. T. H. Gibson." The plaintiff testified that he presented this order to the defendant, and that this conversation occurred : " He, (the defendant,) said he could not pay it now, he had not the money ; I asked him for his note, with a good endorser, and I would be willing to extend the time ; he said, I am afraid if I give a note, I cannot pay it at maturity ; he said he would see if he could get a good endorser ; I presented that assignment to Mr. Mawha, and asked him for payment repeatedly, a good many times ; he never disputed that he owed the amount." This testimony, standing unconfuted, leads almost necessarily to the conviction that a certain sum of money was confessed by the defendant, to be due from him to the plaintiff as the assignee of Gibson, the original creditor. Such an admission was sufficient to establish the plaintiff's cause of action. In view of this fact, the books in question were of no consequence. The acknowledgment of the defendant that he owed a designated amount, as a balance on account, made out a clear *prima facie* case, which ought to have been submitted to the consideration of the jury. On this ground, the non-suit should be taken off, and a *venire de novo* awarded.