**STURMVILLE LUMBER COMPANY, Plaintiff-Respondent,**
**v.**
**Silas DAVIS, Defendant-Appellant.**

No. 32572.

St. Louis Court of Appeals.

Missouri.

May 16, 1967.

William C. Bernhardt, DeSoto, for defendant-appellant.

Anderson, Hollingsworth, Anderson & Brooking, Hillsboro, for plaintiff-respondent.

DOERNER, Commissioner.

This suit, on an open account, was filed in the Magistrate Court of Jefferson County, where defendant prevailed. Plaintiff's appeal to the Circuit Court of that county, tried before the court, resulted in a judgment in its favor for $163.66, together with interest, from which defendant has appealed.

In 1961 defendant, a carpenter, was building a house in De Soto. The construction was financed by a $7500 loan from the Carondelet Savings & Loan Association, the proceeds of which were disbursed by The Jefferson County Abstract Company as escrow agent. Lumber and materials for the job were purchased by defendant from plaintiff, and a bill was rendered defendant in April, 1961. The account sued on was apparently attached to the petition and was introduced as plaintiff's Exhibit No. 1, but it does not appear in the transcript and neither it, nor plaintiff's Exhibit No. 2, described as cash and individual tickets, have been lodged with us.

The record indicates that by the exhibits mentioned and the testimony of plaintiff's bookkeeper plaintiff showed that defendant owed $1163.66 in September, 1961, that a payment of $1000 was received in October, 1961, and that there remained due at the time of trial the sum of $163.66, although its proof was by no means as extensive as that described in J. D. Streett & Co. v. Bone, Mo., 334 S.W.2d 5. However, defendant makes no complaint regarding the sufficiency of plaintiff's evidence. What defendant does urge, as we understand his brief, are the defenses of accord and satisfaction, and payment.

In support of the first of such defenses defendant points to his evidence that The Jefferson County Abstract Company by a check dated October 3, 1961, paid plaintiff the sum of $1000, which check contained the statement: (Printed) "By Endorsement this Check is accepted in Full Payment of Account Shown Hereon (typewritten) in full payment of bill of Silas Davis." Plaintiff's witness, who was its assistant manager at the time the check was received, admitted that plaintiff had received the check and testified that plaintiff had credited defendant with that sum on defendant's account, but maintained that it was not the full amount of the bill. Defendant did not introduce any evidence indicating that a dispute existed regarding defendant's account or any of the charges made by plaintiff, nor any evidence other than the foregoing check that plaintiff had agreed to accept the $1000 in full satisfaction of defendant's account. An accord and satisfaction contemplates an agreement between the parties to give and accept something different from that claimed by virtue of the original obligation and both the giving and the acceptance are essential elements. Bohle v. Sternfels, Mo., 261 S.W.2d 936, 941. In general an accord and satisfaction occurs and is binding only when

there is a well-understood and executed agreement to settle or compromise all demands arising between the parties concerning which they have a dispute. Green v. Whaley, 271 Mo. 636, 197 S.W. 355, 360. And the rule is that payment of a part of a debt is not a satisfaction of the whole debt, even when the creditor receives the part for the whole and receipts for the whole demand. Collins v. Gaskill, 359 Mo. 171, 221 S.W.2d 181, 185; Scott v. Parkview Realty & Imp. Co., 241 Mo. 112, 145 S.W. 48. In the absence of any evidence that a dispute existed concerning defendant's account and that the $1000 was tendered and accepted in full satisfaction, or of any other consideration, defendant did not sustain its burden of establishing the affirmative defense of accord and satisfaction. Gulfport Wholesale Lumber Co. v. Boeckeler Lumber Co., Mo.App., 287 S.W. 799.

■ Defendant's second defense, that of payment, is based on a lien waiver executed by plaintiff, dated October 9, 1961, which reads in part:

"Whereas, we the undersigned Sturmville Lumber Co. have been employed by Silas Davis to furnish lumber for the building known as DeSoto Job

"Now, therefore, know ye, that we the undersigned for and in consideration of the sum of One thousand, one Hundred Seventy-five and 30/100.......... Dollars, and other good and valuable considerations, the receipt whereof is hereby acknowledged, * * *."

Defendant's entire account, according to plaintiff's evidence, totalled $1163.66 in September, 1961. Obviously, if defendant paid plaintiff $1175.30 on October 9, 1961, as plaintiff acknowledged in the foregoing lien waiver, defendant not only paid his account in full but overpaid it. Nevertheless, when defendant offered the lien waiver in evidence the trial court sustained plain-

tiff's objection that it was irrelevant and immaterial and excluded it. In so ruling the court erred, Crocker v. McCartney, Mo. App., 24 S.W.2d 649. For while not conclusive, the acknowledgment in the lien waiver of the payment of $1175.30 on defendant's account was prima facie evidence of the payment recited therein. Bonnot v. Grand Lodge Brotherhood of Railroad Trainmen, 229 Mo.App. 519, 81 S.W.2d 360. In fact, it has been said that when uncontradicted a receipt is conclusive, Goodman v. Griffith, 155 Mo.App. 574, 134 S.W. 1051.

■ We are thus brought to the problem of the disposition to be made of the case. By Civil Rule 83.13(c), V.A.M.R., we are required to dispose finally of a case on appeal, " * * * Unless justice requires otherwise." The lien waiver tends to show that plaintiff received payment in full of defendant's account but it is apparent from the record that in view of the court's ruling excluding defendant's exhibit the plaintiff did not attempt to introduce any evidence regarding the circumstances surrounding the execution of the waiver, or any evidence it may have to contradict the receipt. We are of the opinion that under such circumstances justice requires that a new trial be ordered. Boland v. Dehn, Mo.App., 348 S.W.2d 603.

Accordingly, the judgment is reversed and the cause remanded for a new trial.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Accordingly, judgment reversed and cause remanded for new trial.

RUDDY, Acting P. J., and WOLFE, J., concur.

ANDERSON, P. J., not participating.