**AYERS PLASTICS COMPANY, INC., Respondent,**

v.

**PACKAGING PRODUCTS CORPORATION, Appellant.**

**No. KCD 30232.**

Missouri Court of Appeals, Western District.

Dec. 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 7, 1980.

Application to Transfer Denied May 13, 1980.

Joseph M. David, Jr. and Neal A. Gerstandt, Kansas City, for appellant.

Stephen G. Scholl, Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

This is an appeal from a judgment for monies claimed due for products furnished. Parties waived trial by jury.

There was no request for findings of fact or conclusions of law by either party. The trial court did, however, in the presence of counsel and upon the record, summarize the evidence. Review of this cause is made pursuant to Rule 73.01 as construed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ In the absence of findings of facts and conclusions of law, this court, while it makes its review upon both the facts and the law, is also bound by the rule enunciated in *S. G. Adams Printing v. Central Hardware Co.*, 572 S.W.2d 625 (Mo.App.1978) wherein the court, in referring to Rule 73.-01, at pages 627–628, declared:

"Additionally, we are not presented here with findings of facts or conclusions of law. Neither party requested these be made by the trial court. And when an appellate court is confronted with a record in which no findings of fact or conclusions of law were filed and none were requested, all fact issues are to be deemed found in accordance with the results reached. The judgment is to be affirmed under any reasonable theory supported by the evidence. *DePaul Hospital School of Nursing, Inc. v. Southwestern Bell Telephone Company*, 539 S.W.2d 542, 545[1] (Mo.App.1976). The appellate court is also obliged to accept as true the evidence and permissible inferences which may be drawn, favorable to the prevailing party, and to disregard the contradictory testimony."

It is within the purview of the foregoing sound principle that the facts of the cause herein are reviewed and disposition made herein.

Both parties are corporations possessed of standing in our courts. Appellant is engaged in the business of producing packaging products used normally in the packing of foodstuffs. Respondent corporation is the provider of plastic materials used by appellant in the production of the packaging materials. A lengthy dissertation of the facts is not necessary and it suffices to say the parties, over a period of time, transacted business for the sale and purchase of plastic materials. It also must be mentioned that defects in some of the materials were alleged by appellant from time to time and credits were made, adjusting the accounts.

To the thinking of respondent, appellant was long overdue in its payment for materials furnished by respondent. Respondent pressed appellant for payment, and this led to a meeting between two representatives of the respective corporations. This meeting, held in November, 1975, resulted in the tabulation of $19,323.77 in invoices. The parties agreed to adjusted credits totaling $2,233.17, bringing the adjusted agreed-to amount to $17,090.60. At this meeting, a memorandum was signed by appellant's representative. This memorandum, which became respondent's (plaintiff's upon trial) Exhibit no. 6, provided the following information:

| "Invoices | 17576 |
| | 17682 |
| | 17619 |
| | 17622 |
| | 17478 |
| to be paid immediately total | $ 8,968.26 |
| Balance due to be paid 'by year end' (either in one or more payts.) | 8,122.34 |
| | 17,090.60 |

/s/ Jack L. Joslin"

Subsequent to the above meeting, appellant forwarded its check in the sum of $15,063.43. Accompanying this check was a letter claiming additional credits for defective materials. The record fails to show any evidence that this claim for additional credits was for materials other than those materials subject to the meeting of November and Exhibit no. 6. Prior to and after payment, there was no evidence the parties ever discussed additional credits to be claimed or granted. The above-referred-to

check contained a restrictive endorsement upon the reverse side, which read, "Endorsement of this check constitutes a release by the payee of all liability of the maker to the payee." Respondent received the check and the letter. The check was negotiated. Demand for the $2,027.17 was made upon appellant and upon appellant's refusal to pay, respondent filed this action. The trial court found for respondent in the amount claimed ($2,027.17). This appeal followed.

On appeal, three points of error are alleged. These errors include the trial court's admission of Exhibit no. 6, even if the admission of this exhibit was proper, the problem of insufficient evidence to support there was an account stated and finally, the trial court's finding that respondent's acceptance of appellant's check did not create an accord and satisfaction precluding respondent from securing any additional payment.

Appellant first contends the admission of Exhibit no. 6 was error.

In addition to appellant's contention that Exhibit no. 6 was not properly admitted, appellant contends even if proper, in the alternative, there was insufficient evidence to establish an account stated.

■ It is obvious from the record that respondent's petition was on an open account. The evidence supported an account stated. Exhibit no. 6 was admissible as an admission of correctness. An open account may be proven by evidence of an account stated.

■ The appellant is incorrect in his argument that one theory of relief was pleaded and recovery was had upon another theory. The trial court did not declare specifically that the judgment was predicated upon an account stated.

That such evidence of an account stated is admissible to prove an open account, see *Friedman, Keller & Co. v. Olson*, 187 Mo. App. 469, 173 S.W. 28 (1915); *Welch-Sandler Cement Co. Inc. v. Mullins*, 31 S.W.2d 86 (Mo.App.1930). See also 1 C.J.S. Account, Action On § 16 (1936) and 1 C.J.

Accounts and Accounting, § 187 (1914), citing authority from other jurisdictions, *Rice v. Schloss*, 90 Ala. 416, 7 So. 802 (1890) and *Bonnell v. Mawha*, 37 N.J.L. 198 (1874).

In addition to Exhibit no. 6, which was properly admitted, the evidence shows the parties in the November, 1975 meeting had come to terms on the sum claimed due and the sum owed. This is best shown by testimony of appellant's witness. When questioned by the court, he testified:

"Q. [by the court] Was it your intention, then, if it had been, let's say, possible for your employer to pay the total sum of $17,090.60, that that would satisfy the total amount of the invoices submitted to you by Ayers Plastics Company, Inc.?

\*    \*    \*    \*    \*    \*

A. Yes, sir."

There followed further questions and answers between the court and the witness regarding the figures and mode of payment reflected in Exhibit no. 6.

This court cannot agree that the admission of Exhibit no. 6 was improper. It went to the precise question of whether the parties had agreed on the sum due and owing. It went to the proof of what the net result of the November, 1975 meeting was as between the parties. Whether this exhibit is viewed as admissible upon the question of its materiality, relevancy or probative value or whether it was held to be admissible as a statement against the interest of the appellant, it was properly admissible.

■ As to the matter of insufficiency of the evidence on the question of account stated, the record quickly dispels appellant's contention on this point. Appellant's own witness verified, in response to the court's inquiry, that the parties had come to an agreement on the total sum claimed due and owing.

Points one and two are ruled against appellant.

The final point of error alleged by appellant is that payment by appellant of a sum less than that claimed constituted an accord and satisfaction.

After the November, 1975 meeting, during which an agreement was reached on the sum due ($17,090.60), the parties had no further contact until respondent received a check in the sum of $15,063.43 with a restrictive endorsement and a letter claiming additional credits in the sum of $2,027.17. The evidence shows that respondent did nothing but negotiate the check and make demand for the remaining $2,027.17. Appellant contends the acceptance of the check and its negotiation amounted to an accord and satisfaction. Appellant's contention cannot stand the test applicable to the requirements of an accord and satisfaction.

■ The original or the agreed-to amount of indebtedness was $17,090.60, established in the November, 1975 meeting. For payment of something less than the amount due to result in an accord and satisfaction, there must be more than mere payment of a lesser sum by the debtor. Accord and satisfaction is, in fact, a contract which must reflect the essential elements of the meeting of the minds of the parties and the giving and receiving of something of value as consideration therefor, contemplated as something less than the amount claimed by a creditor. *Henderson v. Eagle Express Company*, 483 S.W.2d 767 (Mo.App.1972); *Sturmville Lumber Company v. Davis*, 416 S.W.2d 49 (Mo.App.1967).

■ It must be pointed out that the parties had previously agreed on the amount due ($17,090.60) and when payment was tendered and accepted, it was merely for a lesser sum ($15,063.43), accompanied by a written claim by appellant for alleged additional credits in the sum of $2,027.17. If there had been a dispute as to the sum due, the acceptance of $15,063.43 by respondent would have effected an accord and satisfaction. The evidence revealed the parties had previously agreed on the total due and without further discussion or agreement between the parties, appellant tendered payment for an amount less than the agreed-to total. This was a unilateral action by appellant.

Since the evidence shows the parties had agreed on the total amount due, and payment for a sum less than that amount was tendered and received, two questions remain to be answered to further determine if a valid accord and satisfaction occurred as a result of the action of the parties. As has been indicated, no further negotiations, discussions or agreements between the parties followed the November, 1975 meeting.

Remaining, then, is the resolve of the following questions. (a) Did the restrictive endorsement on the check and accompanying correspondence to respondent, along with the negotiation of the check by respondent, standing alone, effect an accord and satisfaction? and/or (b) Could appellant, by unilateral action (claim for additional credits at time of payment and thus the declaration that he owed respondent a lesser sum) effect a binding modification of the agreed sum due? Stated yet another way, did appellant's action, by reduced payment and claimed additional credit, cause the sum to be disputed so that negotiation of appellant's check by respondent effected a valid accord and satisfaction?

■ As to the first question, the mere payment of a sum less than that due, even with a restrictive endorsement, does not effect an accord and satisfaction. See *Sturmville Lumber Company v. Davis, supra*, wherein payment in the sum of $1,000.00 was made for materials claimed to be worth $1,163.33, and no dispute existed between the parties. The decision in this case held that such action did not result in an accord and satisfaction even though the check in payment of the lesser sum contained a restrictive endorsement that acceptance constituted payment in full.

As has been pointed out, the parties reached agreement on the sum due as a result of the November, 1975 meeting. There is no evidence in this case to establish any further agreement for a different sum of money between the parties. As to the first question, it must be, as it relates to the appellant herein, answered in the negative.

As to the second question, reference must be made to appellant's Exhibit no. 1. This

letter, which accompanied the check, concluded appellant owed only the sum of $15,063.43 because appellant claimed credits on invoices previously tendered by respondent. In summary, appellant's letter advised respondent, "All I owe you is $15,063.43." Payment was made as of December 31, 1975, under date of the check. Demand for payment was made by respondent. This action was filed by respondent on February 12, 1976.

The actions by the parties can be summed up as such. In November, they agreed to the amount due ($17,090.60). Appellant, on December 31, 1975, tendered payment in the sum of $15,063.43. This payment, in the form of a check, contained a restrictive endorsement of full payment. Payment was accompanied by a letter which claimed credits due appellant. These credits are not defined as to time and date within the body of appellant's Exhibit no. 1, but the evidence shows such credits being applicable prior to the November meeting, and as appellant's witness stated, "Throughout the remainder of the year 1975, we continued to incur costs on this material." When further asked if this was brought to respondent's attention, appellant's witness answered in the negative. As to this precise point, questions of fact were presented and it was left to the trier of facts to resolve this point. The net result of appellant's action was merely to advise respondent that appellant owed the sum of $15,063.43 and payment amounted not to an accord and satisfaction, but to a partial payment on a sum previously agreed to between the parties. See *Enright v. Schaden*, 242 S.W. 89 (Mo. banc 1922).

There is no evidence to establish the parties ever entered into any agreement subsequent to the November, 1975 meeting. Hence, as the evidence shows, there was not a dispute as to the claimed indebtedness. The unilateral action of appellant did not, under the evidence herein, constitute a modification of the original agreement on the settled amount due and owing. Question two must be, as it relates to appellant herein, answered in the negative.

That accord and satisfaction must meet the basic requirements of a simple contract is well established in our law. One of these essential elements is valid consideration. Stated thus, "Except where otherwise provided by statute, an accord and satisfaction must be founded on a proper consideration, consisting of some benefit to the creditor or detriment to the debtor which would support a simple contract." 1 C.J.S. Accord and Satisfaction § 4 (1936). Also see *Enright v. Schaden, supra.*

The evidence in this cause clearly shows this essential element of a bona fide accord and satisfaction to be lacking. The evidence fails to show appellant suffered any detriment by the form and amount of payment or that respondent received any benefit as required to support a valid consideration. Under the facts herein, there is no statutory rule applicable.

Point three is ruled against appellant.

The record shows sufficient evidence to support the judgment entered by the trial judge. There was sufficient evidence to uphold said judgment upon a theory of an open account; Exhibit no. 6 was admissible; and sufficient evidence was lacking to establish a bona fide accord and satisfaction.

The record further shows substantial evidence to support the judgment and that the judgment did not erroneously declare or apply the law, and pursuant to the rule in *Murphy v. Carron, supra*, the judgment in all respects must be affirmed.

All concur.