## MAJESTIC BUILDING MATERIAL CORPORATION, Plaintiff-Appellant,

v.

## GATEWAY PLUMBING, INC., Defendant-Respondent.

### No. 49321.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Patrick R. Gunn, St. Louis, for plaintiff-appellant.

Alan Douglas Lobel, Clayton, for defendant-respondent.

KAROHL, Judge.

Plaintiff Majestic Building Material Corporation (Majestic) sued on an account to recover $2,200.28 for gravel sold to defendant Gateway Plumbing, Inc. (Gateway). The case was court-tried on stipulated facts which narrowed the issue to whether the pleaded affirmative defense of accord and satisfaction barred plaintiff's claim. In a trial de novo the court found for defendant. Majestic appeals. We reverse.

The parties stipulated that between May 17 and May 27, 1983 Majestic sold and Gateway bought Torp Gravel. Majestic billed Gateway $4,640.62 for the gravel which was agreed by an "additional stipulation" to be a fair and reasonable charge. Gateway elected to defend solely on the legal defense of accord and satisfaction and not maintain a dispute on the reasonableness of the bill. On June 9, 1983 Gateway tendered a check to Majestic for $2,440.34. At the time Gateway tendered the check there was a notation on the back of the check as follows:

> Payment in full and in full and final settlement of all claims & demands of any kind and description as against Gateway Plbg. Inc., its officers, directors, em-

ployees, and representatives, arising out of any matter or things whatsoever the nature or description.

Majestic received the check and deposited it into its bank account. Prior to negotiating the check Majestic added the following notation to its endorsement:

This check is accepted under protest and with full reservation of rights to collect the balance owing of $2,200.28.

The parties agreed "[d]efendant forwarded the check to Plaintiff with the intention that its acceptance by Plaintiff would satisfy all claims against Defendant. Plaintiff, when it negotiated said check, did so with the intention that by placing the additional language on the back of the check that it would be able to proceed against defendant to collect the balance alleged to be due."

We review this court-tried case pursuant to Rule 73.01 as construed in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Plaintiff contends that the court erred in applying the common law doctrine of accord and satisfaction on the ground that the doctrine is inapplicable to an undisputed liquidated claim. In the alternative Majestic contends that § 400.1–207 RSMo 1978 (hereafter 400.1–207) relating to the sale of goods abrogates the common law doctrine of accord and satisfaction.[1]

■ Accord and satisfaction is a contract which must reflect the essential elements of the meeting of the minds of the parties and the giving and receiving of something of value as consideration therefor, contemplated as something less than the amount claimed by a creditor. *Ayers Plastics Co. v. Packaging Products*, 597 S.W.2d 177, 181 (Mo.App.1979). The mere payment of a sum less than that due, even with a restrictive endorsement, does not effect an accord and satisfaction. *Id.* It is a well established rule in our law that an accord and satisfaction must meet the basic requirements of a simple contract. One of

these essential elements is valid consideration such as some benefit to the creditor or detriment to the debtor. *Id.* at 182.

■ When Gateway tendered its check with the "full and final settlement" language it believed that the unit value of the gravel was $6.10 per unit and not the charged amount of $11.60 per unit. In view of the stipulation that the charged sum of $11.60 per unit was fair and reasonable an essential element of an accord and satisfaction at the common law is missing. The evidence fails to show that Gateway suffered any detriment by tendering its payment or that Majestic received any benefit. Under recognized principles of accord and satisfaction, applied to an account, stipulated to be based on charges which are fair and reasonable, Gateway's check was partial payment of an undisputed and liquidated claim. Gateway's check was "the mere payment of a sum less than that due, even with a restrictive endorsement, [and] does not effect an accord and satisfaction." *Ayers*, 597 S.W.2d at 181. The stipulation of reasonability of charges removed from the trial court's consideration any element of dispute on the amount of Majestic's claim. Accordingly, the trial court erred in applying the common law defense of accord and satisfaction. Gateway's intention at the time of tender of the check was apparently based upon a belief that $6.10 per unit was a fair and reasonable charge but the "additional stipulation" has the effect of agreeing that $11.60 per unit was fair and reasonable. Gateway expressly withdrew the question of reasonability of charge as a defense with the result that application of accord and satisfaction was error as a matter of law.

■ What has been said does not fully dispose of the appeal because the additional stipulation on reasonability is conditional. Gateway stipulated that the court "may find that the charges of Plaintiff were fair and reasonable if the Court finds against

**1.** Majestic also argues that because there was a judgment in its favor prior to Gateway's application for a trial de novo the doctrine of law of the case is applicable. We disagree but decide this appeal on different grounds. The doctrine of law of the case is inapplicable to a de novo trial. *See Plaza Point Investments, Inc. v. Dunnaway*, 637 S.W.2d 303 (Mo.App.1982).

Defendant's position that an accord and satisfaction has been reached between the parties." The trial court faced and we must consider Majestic's second contention that this case is governed by § 400.1–207. This is an issue of first impression in Missouri.

Section 400.1–207 reads as follows:

A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice', 'under protest' or the like are sufficient.

The issue was considered in *Milgram Food Stores, Inc. v. Gelco Corp.*, 550 F.Supp. 992 (W.D.Mo.1982). In that case the parties engaged in three separate transactions. *Milgram* was a lessee who overpaid Gelco on a lease and sued to recover the overpayment. Gelco requested a set-off based on another claimed indebtedness. Milgram then purchased some tractors and gave a payment check to Gelco with a restrictive endorsement in order that the payment check constitute a full settlement check to cover all transactions. Gelco accepted the check and altered the endorsement by striking part of the language in an effort to limit the check to payment for the tractors only. The court found an accord and satisfaction and found § 400.1–207 inapplicable to a full payment check. Because the check was deposited by Gelco without using "without prejudice," "under protest" or the like as a preface to its endorsement we find that the district court's conclusions that § 400.1–207 is inapplicable to a full payment check unnecessary to its opinion because Gelco failed to avail itself of "explicit reservation of rights." Alteration of endorsement is not an express reservation of rights.

The official comment on § 400.1–207 states its purpose as the provision of "machinery for the continuation of performance along the lines contemplated by the contract despite a pending dispute, by adopting the mercantile device of going ahead with delivery, acceptance, *or payment* 'without prejudice,' 'under protest,' 'under reserve,' 'with reservation of all our rights,' and the like. All of these phrases completely reserve all rights within the meaning of this section." (emphasis ours) The language of this section will accommodate both performance and payment as a right within the underlying contract. For example, the right to cancel is not lost by the acceptance of performance when the aggrieved party has made a reservation of rights, *Cities Service Helex, Inc. v. United States*, 543 F.2d 1306, 1316, 211 Ct.Cl. 222 (1976); or, the fact that a seller continues to deliver goods on demand is not a waiver of seller's contention that the buyer is not entitled to the quantity of goods demanded when the seller makes delivery under a reservation of rights. *Shea-Kaiser-Lockheed-Healy v. Department of Water & Power*, 73 Cal.App.3d 679, 690, 140 Cal. Rptr. 884, 890 (1977). There is no logical reason that payment as a term of the underlying contract should be excluded from § 400.1–207. That section refers to a reservation of rights and Majestic as a seller had a right to payment and to assent to Gateway's performance of its obligation of payment.

It is significant that this section appears in Article I of the Uniform Commercial Code as a "general provision." The provisions of Article I have general application to the entire code. The code is to be construed liberally, § 400.1–102 RSMo 1978, and the remedies provided "shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed." § 400.1–106 RSMo 1978.

The introduction to the code, co-authored by Judge Welliver, describes it as "preemptive in that it displaces all other law in the subject area save only that which the Code excepts." 20A V.A.M.S. XII.

The relevance or effect of this section on a full payment check deposited under protest has been ruled by the Supreme Court of South Dakota, *Scholl v. Tallman*, 247 N.W.2d 490 (S.D.1976), and the North Car-

olina Court of Appeals in *Baillie Lumber Co. v. Kincaide Carolina Corp.*, 4 N.C. App. 342, 167 S.E.2d 85, 6 UCC.Rep.Serv. 480 (1969). The issue was also considered in *Lange-Finn Construction Co. v. Albany Steel & Iron Supply Co.*, 94 Misc.2d 15, 403 N.Y.S.2d 1012 (1978), *Hanna v. Perkins*, 2 UCC.Rep.Serv. 1044, 1046 (N.Y. County Ct.1965) and *Simpson v. Norwesco, Inc.*, 442 F.Supp. 1102, 1107 (D.S.D.1977). In each, the applicability of § 1–207 was approved.

On similar facts in *Scholl* the court reasoned:

> We hold that plaintiff's conditional endorsement in this instance constitutes an explicit reservation of rights under SDCL 57–1–23 [U.C.C. § 1–207] and is not acceptance in writing as required by SDCL by 20–7–4 [South Dakota Statute]. We do not agree with defendant's contention that this result dictates the demise of accord and satisfaction as an effective method of commercial compromise. This doctrine has long been an effective method of avoiding litigation; it will still serve that function whenever rights are not explicitly reserved.

247 N.W.2d at 492, 493.

The North Carolina Court of Appeals in *Baillie Lumber Co.* reached the same result saying:

> Applying the provisions of G.S. § 25–1–207 [the same as § 400.1–207] to the facts of this case, it is clear that Baillie by indorsing the checks, 'With reservation of all our rights,' complied with that portion of the statute requiring an explicit reservation of rights.

167 S.E.2d at 93. The court held that Baillie by its endorsement reserved its right to collect the remainder of its unpaid bill.

The Supreme Court of New York in *Lange-Finn* found that plaintiff had not reserved its rights because it failed to explicitly reserve them under § 1–207 but said, "[i]t is the court's view that the common law rule has been changed by section 1–207 of the Uniform Commercial Code. When a party endorses a final payment check 'without prejudice and under protest'

he reserves the right to demand the balance alleged to be due, and the negotiation of the check does not effect an accord and satisfaction." 403 N.Y.S.2d at 1014.

We reject Gateway's argument that holding this section applicable to a full payment check would have the effect of impairing a valuable informal settlement tool. *See Chancellor, Inc. v. Hamilton Appliance Company*, 175 N.J.Super. 345, 418 A.2d 1326 (Passaic County Ct.1980). It would rather hinder a creditor from the receipt of a sum which is due and for the payment of which the debtor sustains no detriment with regard to a liquidated claim. There is no greater imposition on the parties or the courts created by suit for the balance than for a suit for the entire obligation. This argument presupposes that the tender of a full payment check will automatically provoke a reservation of rights. Nor are we persuaded that the language of the North Carolina and South Dakota statutes considered in *Baillie* and *Scholl* respectively are materially different than § 400.1–207.

We find that the court erred as a matter of law in holding this section inapplicable and in finding that Gateway's check received and deposited "under protest and with full reservation of rights to collect the balance owing" was an accord and satisfaction of Majestic's claim.

We reverse and remand with directions that the court enter judgment in favor of Majestic for $2,200.28 with interest and costs.

PUDLOWSKI, P.J., and GAERTNER, J., concur.