**INTERSTATE DISTRIBUTING, INC., Plaintiff–Appellant,**

v.

**Darrell H. FREEMAN, Defendant–Respondent.**

No. 19664.

Missouri Court of Appeals, Southern District, Division Two.

June 30, 1995.

Motion for Rehearing or Transfer to Supreme Court Denied July 21, 1995.

Application to Transfer Denied Sept. 19, 1995.

William T. Weidle, Jr., St. Louis, for plaintiff-appellant.

Kenneth W. Johnson, Springfield, for defendant-respondent.

GARRISON, Presiding Judge.

Interstate Distributing, Inc. (Appellant) appeals from an adverse judgment entered in its suit against Darrell H. Freeman (Respondent) to recover money allegedly owed for the purchase of a piece of lawn care equipment. On this appeal it complains that the trial court failed to give it the benefit of evidence that Respondent retained statements of the account for an unreasonable time without objection; failed to admit a copy of a statement of the account; and improperly interpreted other evidence.

Appellant's petition was entitled "Petition On An Open Account." It alleged that Respondent "entered into a contract with Plaintiff and opened an account with Plaintiff on or about May 13th, 1991"; that "[a]t the special instance and request of Defendant, Plaintiff sold and delivered to Defendant certain goods and materials of the value and for the price of ... ($6,282.09) to be paid by Defendant to Plaintiff on demand"; that a "copy of Plaintiff's statement is attached ... as 'Exhibit A'"; that "[t]he prices charged for the goods and materials are, and were at the time said goods were sold and delivered, reasonable and proper"; and that "Defendant promised and agreed to pay the same and though often requested to do so, Defendant has failed and refused, and still fails and refuses to pay the same and every part thereof."

The only witness who testified was Appellant's comptroller and assistant secretary who had no firsthand knowledge of the transaction. He identified Appellant's Exhibit 1 (apparently the same as Exhibit A attached to the petition) as a copy of a statement sent to Respondent, but the trial court sustained Respondent's objection based on the "best evidence rule" and did not admit it in evidence.

The only other documentary evidence admitted was a photocopy of a "pick-ticket" and a carbon copy of the same document. The

"pick-ticket" is a document signed when the merchandise is either shipped or picked up by a customer. In this case, both the photocopy and carbon copy indicate that merchandise described only by an item number was ordered on March 15, 1991 and contained the following signature: "Bob Morgan by/Darrell Freeman."[1] The photocopy indicates that the item was "shipped" on March 19, 1991. The "pick-ticket" form has a box to identify the purchaser and also the party to whom it is to be shipped. In the instant case, the carbon copy shows that it was sold to Bob Morgan and was to be shipped to Freeman Landscape. The photocopy, however, had been changed to say that it was charged to the account of Bob Morgan and was sold to Freeman Landscape. Neither contained a price for the merchandise allegedly sold.

A judgment was entered in favor of Respondent after a trial before the court. This appeal followed.

As in any court-tried case, we review the case upon both the evidence and the law, giving due regard to the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(c)(1) and (2).[2] The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

As we construe Appellant's first point on appeal, it complains that the trial court erroneously applied or declared the law in failing to give it a judgment based on evidence that Respondent retained statements of the account for unreasonable periods of time without objection. It contends that this constituted an express or implied promise to pay which was sufficient to entitle it to a judgment even in the absence of documentary evidence.

■ This was an action on an open account, which is an action at law to recover for services performed or property sold and delivered. *Helmtec Industries, Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334, 336 (Mo.

App.E.D.1993). It is based on contract and, therefore, depends upon proof of an offer, acceptance, and consideration between the parties as well as the correctness of the account and the reasonableness of the charges. *Id.* at 335; *Welsch Furnace Co. Inc. v. Vescovo*, 805 S.W.2d 727, 728 (Mo. App.E.D.1991). In the instant case, there was no evidence that the amount sought by Appellant was correct or that it was reasonable.

Appellant, in this point, seeks to avoid that deficiency by relying on evidence that after receiving statements of the account, Respondent retained them for a long period of time without objection. In this respect, Appellant seeks to apply rules applicable to accounts stated.

■ An account stated is a new cause of action arising from prior monetary transactions. *Ozark Mountain Timber Products, Inc. v. Redus*, 725 S.W.2d 640, 648 (Mo.App. S.D.1987); *Chisler v. Staats*, 502 S.W.2d 424, 426 (Mo.App.W.D.1973). It is an agreement between parties, having had previous financial transactions, that a balance struck is correct and due between them, and a promise by the debtor, either express or implied, to pay the balance. *Ozark Mountain Timber Products, Inc. v. Redus*, 725 S.W.2d at 648. In the absence of an express promise to pay, the retention of the account rendered for a reasonable time without objection admits to the account and implies a promise to pay. *Id.*

■ An open account may be proven by evidence of an account stated. *Ayers Plastics Co. v. Packaging Products*, 597 S.W.2d 177, 180 (Mo.App.W.D.1979). In particular, evidence in support of an account stated may be admissible as an admission of correctness of the account. *Id.* See also *Welch–Sandler Cement Co. v. Mullins*, 31 S.W.2d 86, 90–91 (Mo.App.W.D.1930).

■ In the instant case the witness testified that the invoice was mailed to Respondent and that in subsequent conversations he said he would pay it when he received a

---

1. The testimony indicated that Bob Morgan was a "territory sales rep" for Appellant.

2. All references to rules are to Missouri Rules of Court, V.A.M.R.

warranty credit on other goods which he claimed to be entitled to. In the absence of the statement which was excluded from evidence, however, there was no evidence of the amount charged for the piece of equipment allegedly sold to Respondent. Evidence of failure to object to an invoice or statement without evidence of its contents can hardly be considered as an admission that the amount being claimed was correct or reasonable.

Even if the statement offered by Appellant had been received in evidence, as it argues in its second point should have been done, the result would not necessarily be different. That statement bears a date of October 31, 1991 and reflects that the transaction date was May 7, 1991. The petition, however, alleged that the account on which the suit was based had been opened on May 13, 1991. The "picking ticket" which was introduced indicated that the item identified therein only by "item number" was ordered on March 15, 1991 and was picked up on March 19.

The trial court, in its Order And Judgment, found that the "picking tickets" both "show that on March 19, 1994 [sic] [Respondent] took delivery from [Appellant] of some item described only by invoice code number. Beyond this the credible evidence does not show whether the item received is the item described in the petition or whether [Respondent] received the item for himself or an agent for 'Bob Morgan'." It also found that "the credible evidence is insufficient to support a conclusion [Respondent] owes any account balance in any specific amount."

Under the facts of this case, we are unable to conclude that the trial court erred in the manner raised in this point. Appellant's first point is, therefore, denied.

In its second point, Appellant complains about the trial court's exclusion from evidence of its Exhibit 1, a photocopy of a statement of account. The statement was excluded on the objection of Respondent that it violated the best evidence rule after it was disclosed that it was a photocopy and the original was in Appellant's records at its home office.

The terms of a document must generally be proven by production of the original of that document. *Redpath v. Highway and Transp. Com'n,* 783 S.W.2d 429, 431 (Mo.App.W.D.1989). A copy reproduced by a photographic duplicating process is not admissible under the best evidence rule. *City of Peculiar v. Dorflinger,* 723 S.W.2d 424, 427 (Mo.App.W.D.1986). Secondary evidence may, however, be admitted if the offering party demonstrates that the primary evidence is lost or destroyed, is outside the jurisdiction, is in the possession or control of an adversary, or is otherwise unavailable or inaccessible. *Schnucks Twenty–Five, Inc. v. Bettendorf,* 595 S.W.2d 279, 283 (Mo.App. E.D.1979). The trial court is vested with wide discretion in determining the sufficiency of a foundation for the introduction of secondary evidence. *Walsh v. St. Louis National Baseball Club, Inc.,* 822 S.W.2d 559, 565 (Mo.App.E.D.1992).

In the instant case, the only explanation for the absence of the original was that it was in Appellant's files at its home office in Fenton, Missouri, and it was against company policy to permit its removal. When asked by the judge, however, why he had not brought the original, the witness testified he was not aware that it was required. It was within the discretion of the trial court to find that this showing was insufficient to authorize admission of the photocopy.

We are unable to conclude that the trial court committed reversible error as alleged in Appellant's second point. It is, therefore, denied.

Appellant's third and final point reads:

> Finally, the trial court erred in declaring and determining Missouri law when it improperly drew a legal distinction between whether the defendant took delivery of the item for himself or as an agent for another.

This point violates Rule 84.04(d) in that it wholly fails to state why the trial court's action is claimed to be erroneous. Points relied on which are in violation of that rule present nothing for appellate review. *Blank-*

*enship v. Better Business Bureau,* 782 S.W.2d 131, 134 (Mo.App.E.D.1989).

Judgment affirmed.

PREWITT and CROW, JJ., concur.

