(No. 15216.—Reversed in part and affirmed in part.)

*In re* Estate of James A. Cunningham.—(DANIEL SMITH, Admr., *et al.* Appellants, *vs.* NATHAN BOND, Admr., Appellee.)

*Opinion filed February 19, 1924.*

1. DEBTOR AND CREDITOR—*when payment is complete satisfaction of debt.* The payment of part of a fixed and certain demand which is due and not in dispute is no satisfaction of the whole debt even where the creditor agrees to receive a part for the whole and gives a receipt for the whole demand, but if there is a *bona fide* dispute as to how much is due, a payment of the amount claimed by the debtor to be due in full settlement, if accepted by the creditor, is a satisfaction of the debt.

2. SAME—*creditor must accept or refuse payment in settlement of disputed claim.* Where a debtor makes a payment in full settlement of a disputed claim, the creditor must either accept what is offered as a full settlement or refuse the entire payment, and he cannot accept it under protest that it is not all that is due or accept it as a part payment of his claim.

3. SAME—*when creditor's acceptance makes an accord and satisfaction.* Where a debtor mails a check to his creditor and encloses a receipt to be signed "in full" of the creditor's claim, although the words "in full" are erased from the receipt by the creditor the acceptance of the check constitutes an accord and satisfaction, where the erasure is without authority of the debtor.

4. SAME—*uncertainty of amount due is essential as consideration for accord and satisfaction.* To constitute an accord and satisfaction by the creditor's acceptance of a payment by the debtor there must be an actual dispute between the parties which would constitute a consideration for the agreement to discharge the obligation for an amount less than the creditor claims to be due.

5. SAME—*what does not prevent acceptance constituting satisfaction of a disputed debt.* Where a creditor accepts a payment which the debtor claims to be in full settlement of a disputed amount due, the facts that the settlement is made on the wrong basis, that the creditor receives an amount considerably less than he could have recovered, or that he is ignorant of the legal rules governing the settlement, are not sufficient for disregarding the settlement as an accord and satisfaction where the acceptance is made with full knowledge of the facts.

6. SAME—*acceptance of a check is not an absolute payment of debt.* The receipt of a check by a creditor is not an absolute pay-

ment of the debt unless he agrees to accept it as such, and in the absence of such agreement, expressed or implied, the check is accepted merely as a means of obtaining payment.

7. SAME—*acceptance of check is a conditional satisfaction of disputed claim.* Ordinarily it will be presumed that the mere deposit of a check in the usual course of business is for collection, only, and not as money, and where a creditor indorses and deposits a check tendered by a debtor in satisfaction of a disputed claim, the acceptance is on condition that the check will be paid in due course.

8. SAME—*when acceptance of checks does not constitute accord and satisfaction.* Where an administrator sends checks in settlement of the disputed claims of certain creditors and afterwards stops payment of the checks, the acceptance of the checks by the claimants does not constitute an accord, as an accord and satisfaction, to constitute a bar to an action on the original claim, must be fully executed.

9. SAME—*partial payment must first be applied in settlement of interest.* Where a single account due consists of principal and interest, partial payments made on account will be applied first to the payment of interest and then to the payment of the principal, calculating the interest up to the time of the payment, and the debtor cannot, as a matter of right, demand that the payment be applied first to the principal and then to discharge the interest.

10. SAME—*unpaid interest is not added to principal.* If a payment is less than the amount due for interest, the balance of the interest is not to be added to the principal but is to be set apart, to be paid, with other accumulated interest, by the next payment.

11. SAME—*creditor agreeing to apply payment first to principal will not be permitted to shift it to the interest.* If a debtor makes a partial payment upon the stipulation and agreement that it shall be applied in satisfaction of the principal and not of the interest, and it is so accepted and appropriated by the creditor, the creditor will not be permitted, without the consent of the debtor, to shift the application of such payment from the principal to the interest, nor will the law do so for him.

12. SAME—*right to direct application of payment applies only to voluntary payments.* Where a debtor makes a payment voluntarily out of his own funds he has the right to direct the application of such payment; but this right applies only to voluntary payments and not to payments *in invitum* or by process of law.

13. SAME—*right of debtor to direct application of payment does not extend to his administrator.* The right of a debtor to direct application of payments made by him is limited to the debtor himself and does not survive him and pass to his administrator, as

payments by an administrator are made as directed by the court and are applied by law; and the administrator has no right to prefer one claim over another but must pay all of them in full, if there are available funds.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

O. M. JONES, and C. E. RUSSELL, for appellants.

J. H. DYER, and REARICK & MEEKS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

A certificate of importance having been granted, this appeal is prosecuted to review a judgment of the Appellate Court for the Third District reversing a judgment of the circuit court of Vermilion county allowing certain claims against the estate of James A. Cunningham, deceased.

Prior to his death Cunningham was a member of the firm of Hamilton & Cunningham, a partnership engaged in banking. Appellee, Nathan Bond, is administrator of the estate of Cunningham and receiver of the estate of Hamilton & Cunningham. Many depositors and others having claims against the bank filed their claims against the partnership estate in the circuit court and against the Cunningham estate in the probate court of Vermilion county. Among them was the claim of A. W. Smith for $9651.87, of Rachel Austin for $936, of William Scott for $2704.70, of Mrs. John Gerrard for $1056.20, and of Emanuel Clouse for $625.24. In addition to his claim against the partnership estate Smith also had a claim for $5278.81 against the Cunningham estate on account of a loan to Cunningham. All these claims were allowed prior to March 23, 1911. May 1, 1911, an amount equal to fifteen per cent of the original amount was paid on all these claims, and a

similar payment was made on July 29, 1911, and March 7, 1912. January 28, 1914, there was a payment of twenty-five per cent of the original amount, and March 25 an additional payment of twenty per cent of the original amount. July 25, 1921, Bond sent a letter to the personal representative of each of the five claimants, (the claimants having died in the meantime,) and inclosed two checks purporting to settle in full the several claims against the estate of Hamilton & Cunningham. In this letter he set forth a statement of the account applying all the partial payments to a discharge of the original principal. The funds in the estate of Hamilton & Cunningham were sufficient to discharge only eighty-two per cent of the balance stated by him to be due, and this made it necessary to inclose a second check paying the remaining eighteen per cent from the estate of Cunningham. He inclosed two receipts,—one to him as receiver and the other to him as administrator,—both of which stated that the respective checks were received by the respective claimants "as payment in full upon my claim allowed against said estate." Two or three days after these checks were mailed Bond had a conversation with the attorney for the claimants and with the persons to whom the checks had been sent covering the Smith, Austin and Scott claims. They told Bond that they would not accept the checks in full satisfaction of their claims because he had not made an application of the several payments in accordance with the established rule concerning partial payments. Instead of returning the checks the claimants indorsed and deposited them in the several banks where they kept their accounts. A day or two after the claimants told Bond that they would not accept the checks in full payment of their claims he stopped payment of the checks. The owners of the Gerrard and Clouse claims struck out of the receipts the words "in full upon" and inserted in lieu thereof the word "on" and signed them as altered, so that the receipts returned by them to Bond read, "as payment

on my claim." They indorsed the checks and collected the money on them. August 15, 1921, each of the five claimants filed in the probate court of Vermilion county a petition setting forth the facts above stated and asking that the court direct the administrator to pay the balance due on said claims. The court held that the payments should have been first applied to the discharge of interest and that the remainder of the payments should have been applied to the discharge of the principal, and directed the administrator to state the account in accordance with that rule and to pay the balance due on the several claims. On appeal the circuit court made the same findings, but the Appellate Court reversed the judgment of the circuit court on the ground that there was an accord and satisfaction.

The payment of a part of a fixed and certain demand which is due and not in dispute is no satisfaction of the whole debt even where the creditor agrees to receive a part for the whole and gives a receipt for the whole demand, (*Ostrander* v. *Scott,* 161 Ill. 339,) but if there is a *bona fide* dispute as to how much is due, a payment of the amount claimed by the debtor to be due in full settlement, if accepted by the creditor, is a satisfaction of the claim. (*Snow* v. *Griesheimer,* 220 Ill. 106.) It makes no difference that the creditor protests, at the time, that the amount received is not all that is due or that he does not accept it in full satisfaction of his claim. The creditor must either accept what is offered with the condition upon which it is offered, or refuse it. (*Canton Coal Co.* v. *Parlin & Orendorff Co.* 215 Ill. 244.) The fact that the words "in full" are erased from the check or receipt by the creditor does not affect the question whether the proffer and acceptance of the check constitute an accord and satisfaction, where the erasure is without the knowledge or authority of the debtor. (*Worcester Color Co.* v. *Wood's Sons Co.* 209 Mass. 105, 95 N. E. 392.) There must, of course, be an actual dispute between the parties in order to furnish a consideration for the agree-

ment to discharge the obligation of the debtor for an amount  less than the creditor claims to be due, (*Scheffenacker* v. *Hoopes,* 113 Md. 111, 77 Atl. 130,) but the fact that the settlement was made on the wrong basis, or that the creditor received in settlement an amount considerably less than he could have recovered, or that he was ignorant of the legal rules governing such settlement, is not a sufficient reason for disregarding the settlement by him with full knowledge of the facts. (*Janci* v. *Cerny,* 287 Ill. 359.) Under these rules it is clear that the estate is discharged from further liability on the Gerrard and Clouse claims.

Bond offered in settlement of the other three claims, checks signed by him as administrator and as receiver. The receipt of these checks by the claimants was not an absolute payment of the claims unless the claimants agreed to accept them as such. In the absence of an agreement, expressed or implied, to accept a check as absolute payment, it is simply a means of obtaining payment. Ordinarily it will be presumed that the mere deposit of a check in the usual course of business is for collection, only, and not as money. (*Strong & Wiley Bros.* v. *King,* 35 Ill. 9.) Therefore, when Bond stopped payment of the checks and prevented  the claimants from receiving their money he rendered ineffective the conditional acceptance of his offer. When the claimants indorsed and deposited the checks tendered by him in full settlement of their claims they accepted his offer on condition that the checks would be paid in due course. (*Heartt* v. *Rhodes,* 66 Ill. 351.) If we concede that this offer by Bond and this acceptance by the claimants is an accord, it is clear that Bond, by stopping payment of the checks, prevented the execution of the accord. In order to constitute a bar to an action on the original claim the accord must be fully executed. (*State* v. *Funk,* (Ore.) 209 Pac. 113; *Stanly* v. *Buser,* 105 Kan. 510, 10 A. L. R. 218.) There was no accord and satisfaction as respects the Smith, Austin and Scott claims.

Where the account due consists of principal and interest, partial payments made on account will be applied first to the payment of interest already due and then to the payment of the principal. If interest is due, on the account it should be calculated to the time when the partial payment is made and the partial payment applied to the discharge of the interest. If the payment exceeds the interest due, the balance should be applied to diminish the principal. If the payment is less than the amount due for interest, the balance of the interest is not to be added to the principal but is to be set apart, to be paid, together with other accumulated interest, by the next payment. (*McFadden* v. *Fortier*, 20 Ill. 509; Munger on Application of Payments, 126; 5 Page on Contracts, sec. 2840.) When the claim of the debtor is a single debt, consisting of principal and interest, the debtor cannot, as a matter of right, appropriate a partial payment to the extinguishment of the principal in advance of the discharge of the interest. To permit him to do this without the consent of the creditor would be to change the legal effect of the contract, by which the unpaid balance, not including interest, bears interest until the entire debt is discharged. But if the debtor makes a partial payment upon the stipulation and agreement that it shall be applied in satisfaction of the principal and not of the interest, and it is so accepted and appropriated by the creditor, the creditor will not be permitted, without the consent of the debtor, to shift the application of such payment from the principal to the interest, nor will the law do so for him. (*Tooke* v. *Bonds*, 29 Tex. 419; *Kann* v. *Kann*, (Pa.) 103 Atl. 369.) If a debtor makes a payment voluntarily and out of his own funds he has the right to direct the application of such payment; but this right of appropriation by the debtor applies only to voluntary payments and does not exist in the case of payments *in invitum* or by process of law. (5 Page on Contracts, sec. 2847; Munger on Application of Payments, 31; *Orleans County Nat. Bank* v.

*Moore,* 112 N. Y. 543, 20 N. E. 357; *Blackstone Bank* v. *Hill,* 10 Pick. 129.) In *Wetmore & Morse Granite Co.* v. *Ryle,* 107 Atl. 109, the Supreme Court of Vermont held that a payment by a receiver was an involuntary payment, and that neither the receiver nor the creditor had the right to make an application of the payment, the court saying: "It is a case where the payments were by judicial proceedings and the applications were made by law at once, without regard to formal indorsements on the note or entry of credit on the account." The right to make an application of payments is personal and is limited to the debtor himself. It does not survive him and pass to his administrator. After a claim is allowed it becomes a fixed charge against the assets of the estate, and, if the estate is solvent, all allowed claims must be paid in due course of administration. The administrator makes payments on these claims as he is directed by court orders, and the payments, when made, are applied at once by law. The administrator has no right to prefer one claim over another but must pay all of them in full if there are available funds. If there are not sufficient funds to pay all the claims against the estate the court is required by law to apportion the funds among the several creditors *pro rata,* according to their several rights as established by law, and the administrator is required to pay the claims according to the orders of the court. The circuit court properly held that the partial payments made from time to time shall first be applied to the interest then accrued, and the balance of said payments shall go to the reduction of the principal as of the date when the several payments were made.

The judgment of the Appellate Court, in so far as it applies to the Gerrard and Clouse claims, is affirmed. In so far as it applies to the Smith, Austin and Scott claims it is reversed and the judgment of the circuit court affirmed.

*Reversed in part and affirmed in part.*