QUAINTANCE ASSOCIATES, INC., Plaintiff-Appellant, *v.* PLM, INC., Defendant-Appellee.

First District (5th Division)    No. 80-1296

Opinion filed April 16, 1981.

Foran, Wiss & Schultz, of Chicago (Stephen A. Gorman, of counsel), for appellant.

James N. Vail, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from the trial court's order which granted defendant's motion for judgment on the pleadings. (Ill. Rev. Stat. 1979, ch. 110, par. 45(5).) The sole issue presented for review is whether the pleadings raise any issue of material fact which would preclude the entry of judgment on the pleadings.

The verified pleadings consist of the complaint, answer and reply. The complaint contains the following allegations. Plaintiff is a corporation in the business of management consulting and executive recruiting. On March 8, 1977, plaintiff and defendant entered into an oral agreement whereby plaintiff agreed to conduct an executive recruiting assignment for defendant for the purpose of identifying and presenting persons suitably qualified for employment as defendant's controller for the latter's consideration and evaluation. Plaintiff was to receive, in addition to expenses, a fee of 30 percent of the anticipated first year earnings of any person hired as defendant's controller, or $60 per hour, whichever was greater. The anticipated first year earnings of defendant's controller was understood and agreed to be $30,000. The parties also agreed that defendant's obligation to compensate plaintiff was in no way conditioned upon defendant acutally employing any candidate presented by plaintiff. Plaintiff's letter dated July 13, 1977, signed by Guy W. Simpler (attached

as an exhibit) admitted plaintiff had not produced the successful candidate and stated that the final billing was based on the contract rather than time which the writer found most advantageous to defendant. Thereafter and until June 30, 1977, plaintiff fully performed its obligations and presented to defendant suitably qualified persons and became entitled to at least $9000 plus expenses of $808.61; that defendant paid $6060.48 in partial satisfaction and that $3748.13 remains due. Plaintiff's demands for payment have been refused, wherefore plaintiff prays judgment for $3748.13 plus interest and costs.

The verified answer admitted that defendant had orally engaged plaintiff to recruit a qualified person for employment as defendant's controller. However, it denied an agreement to pay plaintiff any sums for persons not recruited by plaintiff or $60 per hour for its services and denied that there was an expressed agreement that compensation was not conditioned upon plaintiff's presenting a qualified candidate for the position of controller. The answer also denied that plaintiff fully performed its obligations or presented any person suitably qualified for employment as defendant's controller; that plaintiff was entitled to $9000 plus expenses or any amount; denied partial satisfaction and asserted the affirmative defense of accord and satisfaction in that plaintiff accepted its check dated July 19, 1977, for $6060.48 in accordance with an agreement of July 15, 1977, in full satisfaction of the instant claim; and that at the time of payment, defendant in good faith disputed its liability to plaintiff. The answer finally alleged that plaintiff typed the words "negotiation does not release claim of payee against PLM, Inc." on the back of defendant's check without defendant's knowledge or authority. Copies of the letter dated July 15, 1977, and of the check were attached to the answer.

Plaintiff's verified reply to the answer denied the payment in full satisfaction or that defendant in good faith disputed liability, but admitted the allegations as to the typewritten words on the check without defendant's knowledge or authority.

Thereafter, defendant filed a motion for judgment on the pleadings alleging plaintiff's acceptance of the check to be an accord and satisfaction. Plaintiff appeals from the order which sustained the motion.

Opinion

Plaintiff contends that the pleadings clearly establish an issue of material fact and that, therefore, it was error to sustain a motion for judgment on the pleadings. It argues that virtually every substantive factual allegation in plaintiff's complaint was denied and put into issue by defendant's answer. Plaintiff also asserts that it specifically denied, in its verified reply, defendant's affirmative defense of accord and satisfaction. Defendant maintains that an accord and satisfaction was established as a

matter of law which extinguishes the original demand and bars an action thereon.

■■■ Section 45(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45(5)) provides that "[a]ny party may seasonably move for judgment on the pleadings." This motion requires an examination of the pleadings to determine if there is an issue of fact or if the controversy can be resolved solely as a matter of law. (*David v. J. Elrod Realtors On Devon, Inc.* (1979), 75 Ill. App. 3d 449, 394 N.E.2d 583; *Affiliated Realty & Mortgage Co. v. Jursich* (1974), 17 Ill. App. 3d 146, 308 N.E.2d 118.) This motion admits all facts well pleaded and all fair inferences to be drawn from the pleadings of the opposing party (*Maywood Sportservice, Inc. v. Maywood Park Trotting Association, Inc.* (1976), 40 Ill. App. 3d 1028, 353 N.E.2d 295; *James Coates Motors, Inc. v. Avis Rent-A-Car System, Inc.* (1974), 19 Ill. App. 3d 919, 312 N.E.2d 291) and submits to the court that there is no issue of fact to be tried and that the moving party is entitled to judgment as a matter of law. (*Affiliated Realty & Mortgage Co. v. Jursich; Tompkins v. France* (1959), 21 Ill. App. 2d 227, 157 N.E.2d 799.) If the pleadings place one or more material facts in issue, then a motion for judgment on the pleadings should be denied. *Maywood Sportservice, Inc.*

Plaintiff, relying on *Allis-Chalmers Credit Corp. v. McCormick* (1975), 30 Ill. App. 3d 423, 331 N.E.2d 832, argues that defendant's denial of the amount due pursuant to their oral agreement precludes the entry of judgment on the pleadings. However, *Allis-Chalmers Credit Corp.* is distinguishable. There the defendant denied any indebtedness to the plaintiff. Here, defendant does not deny that plaintiff is entitled to some compensation for services rendered in its attempt to recruit a suitably qualified candidate for the position of defendant's controller, but merely disputes the amount due for such services. In addition, in *Allis-Chalmers Credit Corp.*, defendant's affirmative defense was found to be without merit.

While plaintiff correctly asserts that the answer and reply raised an issue as to the exact terms of the parties' oral agreement and the amount due, such issues are not material. There is no dispute that defendant entered into an oral agreement with plaintiff to assist in the recruitment of a prospective employee. While the parties do disagree as to the exact terms of the oral agreement, the preliminary issue to be determined is whether plaintiff's acceptance of defendant's check constituted an accord and satisfaction.

■■■ An accord is an agreement or settlement of an existing dispute, controversy or demand which presupposes a disagreement as to the amount due. (*Sears, Sucsy & Co. v. Insurance Company of North America* (N.D. Ill. 1974), 392 F. Supp. 398; 1 Ill. L. & Prac. *Accord & Satisfaction* §2, at 156 (1953).) However, the partial payment of a fixed

and certain demand which is due and not in dispute is no satisfaction of the whole debt even where the creditor agrees to receive a part for the whole and gives a receipt for the whole demand. (*Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 400 N.E.2d 1105; *In re Estate of Cunningham* (1924), 311 Ill. 311, 142 N.E. 740; *Janci v. Cerny* (1919), 287 Ill. 359, 122 N.E. 507; 1 Ill. L. & Prac. *Accord & Satisfaction* §22, at 168 (1953).) But, where there is a bona fide dispute as to the amount due, it makes no difference that the creditor protests or states that he does not accept the amount proffered in full satisfaction. The creditor must either accept what is offered with the condition upon which it is offered or refuse it. (*In re Estate of Cunningham*; see also *Novack v. Casual-Craft, Inc.* (1949), 338 Ill. App. 659, 88 N.E.2d 335 (abstract).) The acceptance of the check given in full satisfaction of a disputed claim is an accord and satisfaction if the creditor took the check with notice of the condition upon which the check was tendered. (*Sears, Sucsy & Co.*; 1 Ill. L. & Prac. *Accord & Satisfaction* §27, at 182 (1953).) A creditor has no right to cash the check and thereby obtain the benefit of such offer without its accompanying burden of compromise. (*Seidman v. Chicago Eye Shield Co.* (1932), 267 Ill. App. 77.) Where there is substantially no dispute as to the facts upon which the claim of accord and satisfaction is based, the question of the creditor's assent is one of law to be determined by the court. *Seidman.*

On July 13, 1977, Guy W. Simpler on behalf of plaintiff sent a statement to defendant requesting fees and expenses in the amount of $9808.61, together with a letter that these fees were based upon the contract rather than time since plaintiff found this to be the most advantageous to defendant. The letter conceded that plaintiff did not produce the successful candidate. Defendant responded in a letter to Guy W. Simpler and plaintiff dated July 15, 1977, which questioned the propriety of paying the requested fee since plaintiff had not been successful in bringing in a candidate and which indicated defendant's willingness to pay 60 percent of the requested fee plus the expenses. The letter stated in pertinent part:

"I am enclosing a check in the amount of $6,060.48, which reflects the reimbursement of your $660.48 in expenses and the $5,400 that I think is a fair fee. I don't know any other way to handle the situation but I do believe this is fair. I consider this the end of the matter but certainly would be prepared to discuss it if you so desire. Obviously, I do not consider your bill rendered July 12 for $9,808.61 to be reflective of the services rendered."

Enclosed with this letter was a check dated July 19, 1977, payable to Quaintance Associates, Inc., in the amount of $6060.48. Defendant placed the following legend on the back of this check: "In full payment of any

claims Mr. Simpler has against PLM, Inc." Plaintiff admits in its reply that prior to negotiating the check it placed on the check the words "negotiation does not release claim of payee against PLM, Inc." without the knowledge or authority of defendant. The act of negotiating a check that is offered in compromise of a disputed debt constitutes acceptance notwithstanding that the creditor added, without the debtor's knowledge or authority, words indicating a refusal to accept the offer. *In re Estate of Cunningham* (1924), 311 Ill. 311, 142 N.E.2d 740; *Penn Provision Co. v. Westerfeld* (1966), 69 Ill. App. 2d 112, 216 N.E.2d 478 (abstract).

Plaintiff's complaint plainly calls for the selection of alternative formulas for computing the instant fee. Plaintiff alleges that defendant agreed to compensate plaintiff, in addition to expenses, in an amount equal to 30 percent of the anticipated earnings of any person hired as defendant's controller or at an hourly rate of $60 per hour, whichever was greater. Plaintiff also alleges that the anticipated first-year earnings of defendant's controller was $30,000. While an agreement which calls for the selection of alternative formulas for computing compensation may render the debt unliquidated (see generally 1 C.J.S. *Accord & Satisfaction* §32 (1936)), the parties in the present case have not disputed which formula was applicable. Rather, defendant disputes the amount due under either formula because plaintiff did not provide the candidate hired by defendant.

■■ Plaintiff's letter dated July 13, 1977, sets forth that it was reducing its fees by selecting the formula it unilaterally found more beneficial to defendant rather than plaintiff, but recognized a possible disagreement in stating that if defendant had "any question concerning the statement please feel free to contact us." Otherwise, we would appreciate your prompt payment in full." Defendant responded by letter dated July 15, 1977, which disputed the amount of fees requested by plaintiff and restated readiness to pay 60 percent of the fee claimed plus expenses. Defendant enclosed a check for $6060.48. The letter concluded that $5400 was a fair fee and that this would be the end of the matter but indicated readiness for further discussion if desired. Plaintiff accepted and cashed the proffered check. There is no allegation that plaintiff did not understand that the proffered check was offered as a compromise and settlement. The correspondence between the parties indicates that terms of the oral contract and the amount of fees due pursuant to this contract were fairly in dispute. Accordingly, plaintiff was required to accept the amount proffered in full satisfaction or refuse it. (*In re Estate of Cunningham* (1924), 311 Ill. 311, 142 N.E.2d 740.) Plaintiff had no right to cash the check and thereby obtain the benefit of such offer without its corresponding burden of compromise. *Seidman v. Chicago Eye Shield Co.* (1932), 267 Ill. App. 77.

For the reasons stated, the order sustaining defendant's motion for judgment on the pleadings is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.