STANTON G. POLIN, Plaintiff-Appellant, v. CARL H. MAJOR *et al.*, Defendants-Appellees.

First District (5th Division)   No. 85—3421

Opinion filed December 12, 1986.

Stone & Hughes, of Chicago, for appellant.

Coghlan, Joyce, Kukankos, Keleher & Urbut, of Chicago (Thomas J. Joyce and Susan M. Scalzo, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff physician initiated a lawsuit against a former patient to collect unpaid medical fees in the amount of $3,485. Defendants moved to strike and dismiss the complaint on the grounds that plaintiff had already agreed to settle the claim for $2,390. The trial court granted defendants their motion and plaintiff petitioned the court to reconsider. This appeal is taken from the denial of plaintiff's motion.

We affirm.

Defendants, Carl and Ann Major, owed plaintiff $3,485 in medical fees for services rendered to Ann in April 1983. Defendants filed a claim with their insurance carrier to pay the bill. Through the mediating efforts of their attorney, Thomas Joyce, defendants received a check from the insurance company for $3,585 in September 1984. Soon thereafter, plaintiff was informed that one-third of the amount recovered from the insurance company to pay his bill (or $1,195) would be allocated to pay defendants' attorney fees. Plaintiff accepted this arrangement and a check in the amount of $2,390 was sent him in the mail. Plaintiff, however, later changed his mind and returned the check to defendants.

Upon the advice of his attorney, plaintiff next decided that it was in his best interest, after all, to accept the proposed check for two-thirds of the total amount recovered (or $2,390). In a letter dated January 23, 1985, plaintiff wrote to Mr. Joyce as follows:

"Dear Mr. Joyce:

My attorney advised me that legal fees to try to recover my medical fee in full might be more than the medical fee. Therefore, I obviously decided not to pursue collecting my $1,195.00 from you. Please send my check for $2,390.00 which you are holding."

The following day, a check in the amount of $2,390 with a restrictive endorsement on the back was sent to plaintiff in the mail. Plaintiff neither negotiated nor returned the check to defendants or their attorney. On April 18, 1985, plaintiff instead filed suit to collect the $3,485 owed him.

OPINION

The sole issue on appeal is whether plaintiff's January 23 letter stating that he would no longer pursue collecting the $1,195 and requesting that a check for $2,390 be sent to him operates as a valid release.

■■■ An "accord and satisfaction" is an agreement between parties which settles a *bona fide* dispute over an unliquidated sum. (*Gord*

*Industrial Plastics, Inc. v. Aubrey Manufacturing, Inc.* (1982), 103 Ill. App. 3d 380, 431 N.E.2d 445, *appeal after remand* (1984), 127 Ill. App. 3d 589, 469 N.E.2d 389.) To constitute an accord and satisfaction there must be an honest dispute between the parties, a tender with the explicit understanding of both parties that it was in full payment of all demands, and an acceptance by the creditor with the understanding that the tender is accepted in full payment. (*W. E. Erickson Construction, Inc. v. Congress-Kenilworth* (1985), 132 Ill. App. 3d 260, 477 N.E.2d 513.) As with all contracts, to be enforceable there must be consideration, a meeting of the minds with the intent to compromise, and execution of the agreement. 132 Ill. App. 3d 260, 477 N.E.2d 513.

■ Plaintiff first argues that no *bona fide* dispute ever existed here since defendants never disclaimed that they owed him $3,485. This contention lacks merit, however, as a *bona fide* dispute was created when plaintiff returned the first check and informed defendants that he would not accept the tendered amount in satisfaction of the whole debt.

■ Plaintiff next argues that no settlement could have been reached since no consideration was given for the alleged release. We are aware that an agreement to accept part payment of an amount indisputably due is not satisfaction of the whole debt and will not bar recovery of the unpaid balance. (*Upper Avenue National Bank v. First Arlington National Bank* (1980), 81 Ill. App. 3d 208, 400 N.E.2d 1105.) However, the consideration supporting the agreement here was the issuance and delivery of the second check to plaintiff. It is evident that once plaintiff returned the first check and the dispute was created, defendants had no reason to tender the money again. It was in reliance of the terms expressed in plaintiff's letter that Mr. Joyce withdrew the money from an escrow account and once again issued a check for the amount of $2,390 in plaintiff's name. Under such circumstances, the second check tendered plaintiff constituted sufficient consideration.

■ The facts of this case further indicate that there was a meeting of the minds between the parties with respect to reaching a settlement. The January 23 letter was clearly written by plaintiff with the intent to compromise. In unequivocal terms plaintiff requested that a check for $2,390 be sent to him and confirmed that he would no longer attempt to collect the remaining $1,195. This demonstrated an acceptance of the proposed settlement by plaintiff with the clear understanding that the tender would be accepted in full payment. Once the check for the amount agreed upon was issued and tendered,

the execution of the agreement was completed. We thus conclude that all the requisites of a valid agreement based on accord and satisfaction were present and that no cause of action can accrue as a settlement has been reached by the parties.

The judgment of the trial court is affirmed.

Affirmed.

PINCHAM and MURRAY, JJ., concur.