DAVID G. NELSON *et al.*, Plaintiffs-Appellants, v. FIRE INSURANCE EXCHANGE, erroneously sued as The Farmers Insurance Group of Companies, Defendant-Appellee.

Second District No. 2—86—1094

Opinion filed June 26, 1987.

Charles E. Petersen, of Clancy & McGuirck, P.C., of St. Charles, for appellants.

Benjamin E. Alba, of William J. Sneckenberg & Associates, Ltd., of Chicago, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Plaintiffs, David G. and Terri M. Nelson, appeal from the orders granting summary judgment in favor of defendant, Fire Insurance Exchange, erroneously sued as The Farmers Insurance Group of Companies, and denying plaintiffs' motion to reconsider. Plaintiffs argue that the trial court erred in finding an accord and satisfaction because sec-

tion 1—207 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 1—207) was applicable, and that the trial court erred in granting summary judgment because there was a genuine issue of material fact.

Plaintiffs brought a complaint against defendant, alleging that defendant only paid a portion of the loss claimed by plaintiffs under a homeowner's insurance policy. Defendant raised an affirmative defense of accord and satisfaction in that plaintiffs cashed a $6,652.50 check which included terms releasing the defendant from liability beyond the amount of the check. The copy of the check attached to the complaint included in part the following printed language: "Endorsement of this draft constitutes a release or covenant not to sue of all claims, known or unknown, the undersigned has or may have against the payor ***." Signatures of plaintiffs appeared, but the printed language was covered with a large loop, in an apparent attempt to cross out the language. Plaintiffs' answer to the affirmative defense denied that the check was a settlement of their claim against defendant.

Defendant filed a motion for summary judgment, arguing that an accord and satisfaction of plaintiffs' claim had been made as plaintiffs had endorsed the check. Attached to the motion was a copy of the letter which accompanied the check, and it read in part that "[w]e enclose our draft for this amount less your deductible for full settlement of your claim." Also supporting the motion were excerpts from the depositions of plaintiffs, who admitted that they had read the release language and that they had cashed the check.

Plaintiffs filed affidavits which stated that they crossed out the release language of the check after consulting with their attorney, and then they cashed the check. Plaintiffs argued that material alteration of a negotiable instrument permits a nonassenting party to avoid legal liability for the instrument and that payment of the altered note constitutes ratification of the alteration.

The trial court granted defendant's motion for summary judgment, and plaintiffs filed a motion to reconsider. Plaintiffs argued that no accord and satisfaction had been reached and that section 1—207 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 1—207), which relates to explicit reservation of rights, allowed plaintiffs to accept the check as partial payment of their claim against defendant. Defendant filed a motion to strike plaintiffs' motion to reconsider, arguing in part that plaintiffs had had an opportunity to raise a Uniform Commercial Code argument prior to the entry of summary judgment. Plaintiffs' motion to reconsider and defendant's motion to strike were denied.

Defendant notes that plaintiffs did not raise the Uniform Commercial Code issue before they filed their motion to reconsider, hinting that the issue was waived. However, the court apparently considered the Uniform Commercial Code issue, as it denied defendant's motion to strike that portion of the motion to reconsider which raised the new issue. In any event, new issues may be raised for the first time in a section 2—1203 motion. Ill. Rev. Stat. 1985, ch. 110, par. 2—1203; *Rahill v. Urbanski* (1984), 123 Ill. App. 3d 769, 776, 463 N.E.2d 765, 770.

Plaintiffs argue on appeal that the trial court erred in failing to apply section 1—207 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 1—207) and, in the alternative, that the trial court erred in granting the motion for summary judgment because there was a factual issue as to whether the parties understood that the check was an accord and satisfaction.

 We first address the second issue, because if there is no accord and satisfaction, then the issue of the applicability of the Uniform Commercial Code in modifying that common law doctrine need not be reached.

If there is an honest dispute between the parties, a tender by the debtor with the explicit understanding of both parties that it is full payment of all demands, and an acceptance by the creditor, there is an accord and satisfaction. (*Amoco Oil Co. v. Segall* (1983), 118 Ill. App. 3d 1002, 1012, 455 N.E.2d 876, 883.) If there is a *bona fide* dispute as to the amount due, it makes no difference that the creditor protests that he does not accept the amount in full satisfaction. The creditor must either accept the payment with the condition or refuse. (*Quaintance Associates, Inc. v. PLM, Inc.* (1981), 95 Ill. App. 3d 818, 822, 420 N.E.2d 567, 570.) Cashing a check offered with the condition that it is in full payment of claims of the creditor, although the creditor before endorsing the check includes language that it is not releasing its claims, nonetheless, constitutes acceptance. 95 Ill. App. 3d 818, 823, 420 N.E.2d 567, 570.

 Plaintiffs argue that there was a factual issue as to whether the parties understood that the check was in full payment, so that the granting of summary judgment was precluded. There was no such issue, as the plaintiffs testified that they had read the release language on the check. That plaintiffs did not wish to consider the check as full payment does not mean that they did not understand that the check was offered to them with the condition that it was being made in full payment. (See *Quaintance Associates, Inc. v. PLM, Inc.* (1981), 95 Ill. App. 3d 818, 823, 420 N.E.2d 567, 571 (although debtor's endorsement stated that it did not intend to release defendant from its claim, plain-

tiff accepted the check within the meaning of accord and satisfaction, as there was no allegation that plaintiff did not understand that the check was offered in settlement).) Plaintiffs here incorrectly equate the understanding element of accord and satisfaction with assent. Therefore, we find that there was not a factual issue as to the parties' understanding that the tender was offered in full payment and that the trial court did not err in granting summary judgment on the basis of the common law doctrine of accord and satisfaction.

■■ Plaintiffs next argue that Illinois should apply section 1—207 of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 1—207), so that a creditor who alters a check offered by a debtor in full payment by crossing out the full payment language accepts the check only in partial payment and reserves his right to obtain further payment. Section 1—207 states:

> "A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient." Ill. Rev. Stat. 1985, ch. 26, par. 1—207.

Illinois has not considered the issue whether this Uniform Commercial Code section modifies the common law doctrine of accord and satisfaction in the setting of a full payment check. The majority of jurisdictions which have considered the issue has declined to apply section 1—207. See *Milgram Food Stores, Inc. v. Gelco Corp.* (W.D. Mo. 1982), 550 F. Supp. 992; *Air Van Lines, Inc. v. Buster* (Alas. 1983), 673 P.2d 774; *Pillow v. Thermogas Co.* (1982), 6 Ark. App. 402, 644 S.W.2d 292; *Connecticut Printers, Inc. v. Gus Kroesen, Inc.* (1982), 134 Cal. App. 54, 184 Cal. Rptr. 436; *R. A. Reither Construction, Inc. v. Wheatland Rural Electric Association* (Colo. Ct. App. 1984), 680 P.2d 1342; *County Fire Door Corp v. C. F. Wooding Co.* (1987), 202 Conn. 277, 520 A.2d 1028; *Eder v. Yvette B. Gervey Interiors, Inc.* (Fla. Dist. Ct. App. 1981), 407 So. 2d 312; *American Food Purveyors, Inc. v. Lindsay Meats, Inc.* (1980), 153 Ga. App. 383, 265 S.E.2d 325; *Stultz Electric Works v. Marine Hydraulic Engineering Co.* (Me. 1984), 484 A.2d 1008; *Cass Construction Co. v. Brennan* (1986), 222 Neb. 69, 382 N.W.2d 313; *Chancellor, Inc. v. Hamilton Appliance Co.* (1980), 175 N.J. Super. 345, 418 A.2d 1326; *Sharpe v. Nationwide Mutual Fire Insurance Co.* (1983), 62 N.C. App. 564, 302 S.E.2d 893; *Les Schwab Tire Centers of Oregon, Inc. v. Ivory Ranch, Inc.* (1983), 63 Ore. App. 364, 664 P.2d 419; *Hixson v. Cox* (Texas Ct. App. 1982), 633 S.W.2d 330; *Marton Remodeling v. Jensen* (Utah 1985), 706 P.2d 607; *State of*

*Washington v. J-Z Sales Corp.* (1980), 25 Wash. App. 671, 610 P.2d 390; *Flambeau Products Corp. v. Honeywell Information Systems, Inc.* (1984), 116 Wis. 2d 95, 341 N.W.2d 655; *Jahn v. Burns* (Wyo. 1979), 593 P.2d 828; see also *Fritz v. Marantette* (1978), 404 Mich. 329, 273 N.W.2d 425 (court indicates that it would not apply section 1—207); *Charleston Urban Renewal Authority v. Stanley* (W. Va. 1985), 346 S.E.2d 740, 743 n.2 (court hints that it might apply section 1—207 to transactions in which goods were sold). See generally Hawkland, Uniform Commercial Code Series sec. 1—207, 194-201 (1986); Annot., 37 A.L.R.4th 358 (1985); Restatement (Second) of Contracts sec. 281 (1981); Calamari & Perillo, Contracts sec. 5—16(b), at 197-98 (2d ed. 1977); White & Summers, Uniform Commercial Code sec. 13—21, 452-54 (1st ed. 1972). Contra, *Miller v. Jung* (Fla. Dist. Ct. App. 1978), 361 So. 2d 788; *Majestic Building Material Corp. v. Gateway Plumbing, Inc.* (Mo. Ct. App. 1985), 694 S.W.2d 762; *Horn Waterproofing Corp. v. Bushwick Iron & Steel Co.* (1985), 66 N.Y.2d 321, 497 N.Y.S.2d 310, 488 N.E.2d 56; *Scholl v. Tallman* (S.D. 1976), 247 N.W.2d 490.

We do not need to reach the issue, as we find that even if section 1—207 did apply in the instant case, plaintiffs did not explicitly reserve a right to seek further payment. Plaintiffs merely struck out the conditional language placed on the check by defendant and did not write any language on their reservation of rights. Section 1—207 gives examples of sufficient phrases that would explicitly reserve rights. We have found no cases holding that a creditor's mere striking out of the full payment language on a check thereby reserves his right to further payment. In fact, the action of the creditor in *Milgram Food Stores, Inc. v. Gelco Corp.* (W.D. Mo. 1982), 550 F. Supp. 992, of striking out part of a check's restrictive endorsement without using words like "without prejudice" was interpreted in *Majestic Building Material Corp. v. Gateway Plumbing, Inc.* (Mo. 1985), 694 S.W.2d 762, 765 (as not constituting an explicit reservation of rights), and *Bivins v. White Dairy* (Ala. Civ. App. 1979), 378 So. 2d 1122 ("without recourse" is not sufficient reservation of rights).

For the reasons set forth herein, we conclude that the Nelsons' claim against Fire Insurance Exchange was discharged upon their cashing the check and retaining the proceeds. Consequently, we affirm the judgment of the circuit court of Kane County granting the defendant's motion for summary judgment.

Affirmed.

WOODWARD and NASH, JJ., concur.