SHARON CHOI et al., Plaintiffs-Appellees, v. CHARMAINE MESSER et al., Defendants-Appellants.

Third District   Nos. 3—89—0144, 3—89—0147 cons.

Opinion filed November 29, 1989.—Rehearing denied January 11, 1990.

James W. Springer and Julian E. Cannell, both of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellants.

Andrew W. Covey, of Baymiller, Christison & Radley, of Peoria, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiffs, Dr. Sharon Choi and Dr. Cynthia Alexander, filed separate small claims suits against the defendants, Charmaine and Richard Messer, to collect medical fees. The trial court granted the plaintiffs' motions for summary judgment. The defendants appeal.

The record reveals that on December 18, 1987, the plaintiffs filed their complaints against the defendants, requesting judgments for $220 each and costs. Attached to each complaint was an invoice showing an amount allegedly owed by Charmaine. Choi's $220 invoice listed services provided on March 12, 1987, and Alexander's $220 invoice listed services provided on March 21, 1987.

Around December 31, 1987, Charmaine delivered to the collection agency retained by the plaintiffs to collect the instant debt two checks for $220 each. Both of the checks contained the phrase "paid in full" on the front and back. Upon receipt of the checks, the collection agency informed the defendants that the checks would not be

accepted as full payment because they did not include court costs. The collection agency retained the checks, eventually depositing them and applying them to the defendants' account on February 25, 1988.

On January 6, 1988, Charmaine failed to appear for her hearing and a default judgment was entered against her in favor of each plaintiff for $220, plus costs of $46.25. At that same hearing, Richard entered his appearance *pro se* and demanded a jury trial. Later, Charmaine filed motions to vacate the default judgments, and the trial court granted the motions. The defendants then filed motions to dismiss and for attorney fees plus costs. The plaintiffs each filed responses to the defendants' motions to dismiss. Additionally, each plaintiff filed a motion for summary judgment. Attached to each plaintiff's motion for summary judgment was an affidavit of Mort Hoffman, the president of the collection agency retained by the plaintiffs.

The trial court granted each plaintiff's motion for summary judgment and entered judgment in each case against the defendants for costs only, in the amount of $46.25. In addition, the court denied the defendants' motions to dismiss and for attorney fees and costs. In reaching its decision, the court noted that if there was a *bona fide* dispute regarding the amount owed, the creditors' subsequent cashing of the checks would have been an accord and satisfaction. However, the court found that in the instant case there was no dispute regarding the amount due and cited *Sweetland v. Tuthill* (1870), 54 Ill. 215, for the proposition that where a defendant tenders the precise amount for which prayer is made in a complaint after suit is filed, such a tender is considered an admission of liability for the underlying debt in the definite amount set forth in the complaint and the creditor is entitled to court costs associated with the filing of the suit.

On appeal, the defendants argue that the trial court erred in granting summary judgment for the plaintiffs. The defendants maintain that an accord and satisfaction occurred when the plaintiffs cashed the checks, thereby extinguishing the original demand and barring an action thereon.

■■ To constitute an accord and satisfaction, there must be an honest dispute between the parties, a tender with the explicit understanding of both parties that it is in full payment of all demands, and an acceptance by the creditor with the understanding that the tender is accepted as full payment. (*Polin v. Major* (1986), 150 Ill. App. 3d 854, 502 N.E.2d 355.) An accord is a settlement of an existing demand which presupposes a disagreement as to the amount due; how-

ever, the partial payment of a fixed and certain demand which is due and not in dispute is not a satisfaction of the whole debt even where the creditor agrees to receive a part for the whole and gives a receipt for the whole demand. (*Quaintance Associates, Inc. v. PLM, Inc.* (1981), 95 Ill. App. 3d 818, 420 N.E.2d 567.) Where there is a *bona fide* dispute regarding the amount due, even if the creditor protests that he is not accepting the check as full payment or a compromise, his actions in negotiating the check bind him to an accord and satisfaction. (*Nelson v. Fire Insurance Exchange* (1987), 156 Ill. App. 3d 1017, 510 N.E.2d 137.) However, if after suit is filed the defendant tenders to the plaintiff-creditor the precise amount alleged in the plaintiff's complaint, the plaintiff may nevertheless maintain an action to recover the costs associated with the filing of his suit and the obtaining of a judgment thereon. *Sweetland v. Tuthill* (1870), 54 Ill. 215.

We note that a motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) In ruling on the motion, the trial judge should construe the pleadings, affidavits, exhibits, and depositions most strictly against the moving party and most liberally in favor of the opponent. *Staton v. Amax Coal Co.* (1984), 122 Ill. App. 3d 631, 461 N.E.2d 612.

In the instant case, the defendants tendered the exact amount the plaintiffs requested in their complaints for medical fees. Further, the defendants did not attach affidavits to their motions to dismiss contending that the checks were intended and accepted as payment in full for both the underlying medical fees and the costs. Therefore, we find that there was no *bona fide* dispute regarding the $220 debt alleged in each plaintiff's complaint. As such, the defendants' tender of the precise amount of the alleged debt, without expressly stating that the amount included costs, resulted in an admission of liability regarding that debt, and the plaintiffs could properly maintain an action for the costs associated with the filing of their suits. We find unpersuasive the defendants' argument that the *Sweetland* decision was based on a statute no longer in effect. Accordingly, we find that the trial court properly granted the plaintiffs' motions for summary judgment and properly denied the defendants' motions to dismiss and for fees and costs.

Next, we turn to the plaintiffs' motion for an award of attorney fees incurred on appeal, filed pursuant to section 2—611 of the

Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). Since we do not find the instant appeal to be a needless extension of a baseless lawsuit, we hereby deny the plaintiffs' motion for fees. *Wiley v. Howard* (1989), 180 Ill. App. 3d 721, 536 N.E.2d 186.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

WOMBACHER, P.J., and HEIPLE, J., concur.