Fourth Division
 May 1, 1997











No. 1-96-3178

BANKERS LEASING ASSOCIATION, INC., ) APPEAL FROM THE
an Illinois corporation, ) CIRCUIT COURT OF
 ) COOK COUNTY.
 Plaintiff-Appellant, )
 )
 v. )
 )
JOHN PRANNO, individually and d/b/a )
BROOK EQUIPMENT LEASING, ) HONORABLE
 ) AARON JAFFE,
 Defendant-Appellee. ) JUDGE PRESIDING.


 PRESIDING JUSTICE WOLFSON delivered the opinion of the 

court:

 The issue in this case is whether an arbitrator had the
power to clarify her award when the request for clarification
came more than 20 days after the award was delivered to the
applicant.
 The relevant statute tells us an application for
clarification of an award must be made within 20 days after its
delivery. The trial court held the 20-day limit did not apply
because the plaintiff was estopped from raising the jurisdiction
issue. The case was sent back to the arbitrator for more
clarification.
 We do not find an estoppel here. Because the arbitrator was

without jurisdiction to clarify her award, we reverse the trial
court's order granting summary judgment to the defendant. We
remand this cause with directions that summary judgment be
granted to the plaintiff.
FACTS
 The plaintiff-appellant, Bankers Leasing Association, Inc.
(Bankers), is a commercial equipment lessor. The defendant-
appellee, John Pranno (Pranno), individually and doing business
as Brook Equipment Leasing, is an equipment lease broker.
 A dispute arose between Bankers and Pranno over an April 21,
1990, agreement. On January 14, 1993, they jointly submitted to
binding arbitration this issue:
 "Whether Bankers Leasing Association, Inc.,
 (Bankers), a lessor of equipment, is entitled to deduct
 from residual commissions it owes to John Pranno, a
 Lease Broker, any losses incurred by Bankers on leases
 presented to it by John Pranno, pursuant to the terms
 of the Exclusive Brokers Agreement dated April 21,
 1990."
 Later, on April 22, 1993, Pranno, acting alone, submitted
a request that the issue be amended to include this language:
 "To resolve the dispute and honor the commitments
 between Bankers and Brook regarding Clause #7 of the 
 
 
 1-96-3178
 contract between the parties dated April 21, 1990. 
 Specifically, whether Bankers informed Brook of its
 intent to fund certain identifiable lease contracts on
 a recourse or in-house basis prior to credit approval. 
 And that Bankers has incurred losses from these
 leases."
 Bankers neither objected to nor joined the request.
 On May 25, 1994, the arbitrator published her Award of
Arbitration. The award provided:
 "1. Bankers Leasing Association, Inc. (hereinafter
 "Respondent") shall pay to John Pranno - Brook
 Equipment Leasing (hereinafter "Claimant") the sum of
 FORTY FOUR THOUSAND FOUR HUNDRED AND TWENTY SIX DOLLARS
 AND THREE CENTS ($44,426.03).
 2. Respondent is not entitled to set off any losses
 incurred in connection with the following leases: 
 Braniff, Financial News Network, Solin & Breindel,
 Donohue & Scanlon, Epton[.] ***
 5. This Award is in full settlement of all claims
 submitted to this arbitration."
 The award also provided that Bankers would pay arbitration
fees and costs.
 Bankers submitted a check in the amount of the judgment on
June 21, 1994, 27 days after the arbitrator entered her opinion. 
With the check, Bankers included a letter which said:
 "Your acceptance of and endorsement on the enclosed
 check will serve as a general release of our liability
 and is in full settlement and satisfaction of all the
 claims submitted by either of us during the
 Arbitration."
 The reverse side of the check contained the following
language:
 "In full settlement and satisfaction of any and all
 claims submitted during Arbitration Case No. 51-145-
 00080-93 and the disputes related thereto and as
 further described in the June 21, 1994 letter."
 On July 6, 1994, 42 days after the award was published,
Pranno wrote the arbitrator asking:
 "Ms. Paulsen: please have the Arbitrator clarify #5: 
 Is the award in full settlement of all claims submitted
 which are past due or is the award in full settlement
 [of] all claims past due and to become due. Bankers
 has submitted payment but with a restrictive
 endorsement releasing them from any future monies yet
 to be due Brook per the Exclusive Brokers Agreements."
 On July 7, 1994, Pranno's attorney sent a letter to the
arbitrator. That letter said: 
 "The respondent on June 26, 1994, tendered the payment
 of the $44,426.03 plus the reimbursement to claimant
 for the fees set forth in the award and has tendered
 same as a full and complete payment for any and all
 monies due to the claimant and has taken the position
 that the claimant is not entitled to any other monies
 on residual values of leases that expired subsequent to
 February 1, 1994. 
 I am therefore requesting a clarification of
 paragraph 2 of the Award to the effect that the
 respondent is not entitled to off set any losses in
 connection with the leases set forth therein on future
 residual payments due the claimant."
 Bankers objected to Pranno's request for clarification,
arguing the arbitrator lacked jurisdiction to hear the request. 
Bankers claimed that Illinois law allowed Pranno only 20 days
after the judgment to seek clarification of the award. It
refused to respond to the substance of Pranno's request.
 The arbitrator entered a Disposition of Application for
Modification/Clarification of Award of Arbitrator on August 19,
1994. This disposition stated:
 "1. I am granting the request for clarification of
 paragraph 2 of the Award to the effect that the
 respondent is not entitled to off set any losses in
 connection with the leases set forth therein on future
 residual payments due the claimant.
 Respondent is not entitled to off set any losses
 in connection with these leases on any future residual
 payments due the claimant.
 2. In all respects my award dated May 25, 1994 remains
 in full force and effect."
 On August 24, 1994, Pranno sent Bankers a letter which said,
among other things:
 "Per the disposition of application for Modification
 and Clarification dated 8/19/94, please forward a new
 check replacing check #530514 to Brook without any
 endorsement limitation."
 Bankers did not replace the check. On September 6, 1994,
Pranno cashed the check issued by Bankers on June 21, 1994.
 Bankers filed its motion to vacate arbitration award on
September 21, 1994. Bankers requested that the trial court
vacate the modification of the original award because the
arbitrator lacked jurisdiction. 
 Pranno counter-claimed. He argued that additional residual
amounts had become due and owing from other leases. He sought
$15,696.79. The leases he described in his counter-claim 
apparently were not the same leases named in the arbitrator's
award.
 Banker filed affirmative defenses to the counter-claim. The
affirmative defenses included, among other things, accord and
satisfaction, the arbitrator's lack of jurisdiction to enter the
disposition, and the trial court's lack of authority to grant the
relief requested in the counter-claim.
 In an affidavit attached to a reply to Bankers' motion to
dismiss the counter-claim, Pranno admitted:
 "[T]he Affiant's acceptance of the check was in
 full and total satisfaction of the Arbitrator's Award
 of May 25, 1994 as clarified in the Arbitrator's Award
 of August 19, 1994 and was not in satisfaction of any
 future residual commissions which were not submitted to
 arbitration."
 Both parties moved for summary judgment. It its motion for
summary judgment, Bankers argued that the arbitrator lacked
authority to enter the clarification. In a reply brief to
Pranno's motion, Bankers claimed that Pranno was not entitled to
summary judgment because of the doctrines of res judicata and
collateral estoppel and the presence of factual disputes. 
 The trial court partially granted Pranno's motion for
summary judgment and denied Bankers' motion for summary judgment. 
In its order, the trial court stated:
 "1. That Plaintiff is estopped from asserting
 that the Arbitrator lost jurisdiction to clarify the
 original order because the letter attached to the check
 and the language on the back of the check that sought
 to absolve the Plaintiff from any further payments was
 given to the Defendant more than twenty days after the
 Arbitrator's decision was made.
 2. That the cashing of Plaintiff's check was not
 an accord and satisfaction under the facts in this
 case.
 3. That the claims sought in Defendant's counter-
 claim are within the jurisdiction of the arbitrator per
 the clarification.
 It is Hereby Ordered, Adjudged and Decreed as
 follows:
 1. That Defendant's motion is granted on the
 issue of whether the Arbitrator retained jurisdiction
 to clarify the order.
 2. That Defendant's motion is granted as the
 cashing Plaintiff's check [sic] was not an accord and
 satisfaction. Thus, in light of the Arbitrator's
 clarification, there might be amounts still due and
 owing the Defendant.
 3. That the Arbitrator has jurisdiction to
 adjudicate [the] amounts still due and owing and orders
 this case transferred back to the arbitrator for this
 sole determination."
 Bankers appeals this decision.
DECISION
 Because this was a summary judgment, this court's review of
the trial court's order is de novo. Espinoza v. Elgin, Joliet &
Eastern Ry. Co., 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995). 

1. Should the trial court have vacated the arbitrator's
clarification of its original award?
 Bankers argues that the arbitrator did not have the
authority to clarify its original award. It claims that Pranno
submitted his request for clarification after the 20 days allowed
by statute.
 Bankers moved to vacate the clarification under 710 ILCS
5/12 (West 1992) (Section 12):
 "(a) Upon application of a party, the court shall
 vacate an award where: ***
 (3) The arbitrators exceeded their powers; ***
 (d) If the application to vacate is denied and no
 motion to modify or correct the award is pending, the
 court shall confirm the award. ***" 
 Bankers claims that the arbitrator exceeded her powers by
granting a clarification when she lacked jurisdiction. The
ability of an arbitrator to clarify an opinion is described in
710 ILCS 5/9 (West 1992) (Section 9):
 "On application of a party to the arbitrators or, if an
 application to the court is pending under Sections 11,
 12 or 13, on submission to the arbitrators by the court
 under such conditions as the court may order, the
 arbitrators may modify or correct the award upon the
 grounds stated in paragraphs (1) and (3) of subdivision
 (a) of Section 13, or for the purpose of clarifying the
 award. The application shall be made within 20 days
 after delivery of the award to the applicant. ***" 
 (Emphasis added.)
 In this case, Pranno never filed a motion to modify, change,
or clarify the award. Instead, he sent the arbitrator two
letters that requested clarification of the award. Pranno sent
both letters more than 20 days after he received the award. The
arbitrator granted the request for clarification.
 Section 9 clearly puts a 20-day limit on a party's right to
request clarification. The statute does not give the arbitrator
the right to ignore this limit.
 Apparently, the trial court recognized that requests for
clarification must be filed within 20 days of the receipt of the
award. It specifically found:
 "That Plaintiff is estopped from asserting that
 the Arbitrator lost jurisdiction to clarify the
 original order because the letter attached to the check
 and the language on the back of the check that sought
 to absolve the Plaintiff from any further payments was
 given to the Defendant more than twenty days after the
 Arbitrator's decision was made."
 This court has defined equitable estoppel as:
 "***the effect of the voluntary conduct of a party
 whereby he is absolutely precluded, both at law and in
 chancery, from asserting rights which might otherwise
 have existed as against another person who has, on good
 faith, relied upon such conduct and has been led
 thereby to change his position for the worse." 
 Northern Trust Co. v. Oxford Speaker Co., 109 Ill. App.
 3d 433, 438-39, 440 N.E.2d 968 (1982).
 Nothing in the record shows that Pranno relied on any
conduct of Bankers' that would estop Bankers from asserting its
rights. Bankers did nothing that would have kept Pranno from
seeking clarification within the time limit. There is no
requirement that Bankers pay Pranno the judgment within 20 days. 
Under Pranno's argument, if a losing party, after the 20-day
limit, tendered a judgment payment which the prevailing party
found unsatisfactory, the losing party would be equitably
estopped from claiming the arbitrator lacked jurisdiction over
any subsequent request for clarification. We do not accept that
argument.
 Bankers was not equitably estopped from claiming that Pranno
must adhere to the 20-day limit. Therefore, the arbitrator did
not have the authority to clarify its original award. 
 Section 12 states that "the court shall vacate an award
where * * * [t]he arbitrators exceeded their powers." (Emphasis
added.)
 The trial court should have vacated the clarification. 
2. Should the trial court have dismissed Pranno's counter-claim?
 In response to Bankers' motion to vacate, Pranno filed a
counter-claim seeking damages. Bankers argues that Pranno's
counter-claim is barred because of res judicata or accord and
satisfaction.
Res judicata
 The issues presented to the arbitrator were broad. 
Including the addendum Pranno submitted, the arbitrator was asked
to determine:
 "Whether Bankers Leasing Association, Inc.,
 (Bankers), a lessor of equipment, is entitled to deduct
 from residual commissions it owes to John Pranno, a
 Lease Broker, any losses incurred by Bankers on leases
 presented to it by John Pranno, pursuant to the terms
 of the Exclusive Brokers Agreement dated April 21,
 1990.
 To resolve the dispute and honor the commitments
 between Bankers and Brook regarding Clause #7 of the
 contract between the parties dated April 21, 1990. 
 Specifically, whether Bankers informed Brook of its
 intent to fund certain identifiable lease contracts on
 a recourse or in-house basis prior to credit approval. 
 And that Bankers has incurred losses from these
 leases." (Emphasis added.)
 Arbitrators are presumed to have considered and fully
determined all matters submitted to them. Edward Electric Co. v.
Automation, Inc., 229 Ill. App. 3d 89, 100, 593 N.E.2d 833
(1992). "Arbitration is in the nature of a judicial inquiry with
its object to achieve a final and binding disposition of
differences between parties, both present and prospective, with
the force of an adjudication precluding the parties from
relitigating the same subject. [Citation.] If the award is
binding on the parties, any inquiry into the matters originally
controverted is forever closed. [Citation.]" Amalgamated
Transit Union Local Union 313 v. Rock Island County Metropolitan
Mass Transit District, 194 Ill. App. 3d 926, 932, 551 N.E.2d 650
(1990).
 On the face of the record, the parties did not ask the
arbitrator to resolve what was owed on specific leases. The
issue presented did not specify whether it was to cover leases
that were currently in dispute or future residual payments. The
parties specifically requested that the arbitrator decide whether
Bankers was entitled to deduct "any losses" it incurred on the
leases. The request was not limited to past losses.
 In its counter-claim, Pranno contended it is entitled to
residual payments that became due after the award was entered. 
The issue before the arbitrator covered which residual payments
Bankers owed Pranno. The arbitrator awarded Pranno those
residual payments it found were due. We find that Pranno's
counter-claim is barred because the issues it presents were the
same as those put before the arbitrator and finally resolved.
Accord and satisfaction
 When Bankers sent its check to Pranno, it included a letter
which read:
 "Your acceptance of and endorsement on the enclosed
 check will serve as a general release of our liability
 and is in full settlement and satisfaction of all the
 claims submitted by either of us during the
 Arbitration."
 The reverse side of the check contained the following
language:
 "In full settlement and satisfaction of any and all
 claims submitted during Arbitration Case No. 51-145-
 00080-93 and the disputes related thereto and as
 further described in the June 21, 1994 letter."
 Pranno did not agree that this amount fully satisfied the
award. Pranno did not seek to enforce the award as he understood
it. He did not return the check. Instead, he cashed the check.
 Under Illinois law:
 "(a) If a person against whom a claim is asserted
 proves that (i) that person in good faith tendered an
 instrument to the claimant as full satisfaction of the
 claim, (ii) the amount of the claim was unliquidated or
 subject to a bona fide dispute, and (iii) the claimant
 obtained payment of the instrument, the following
 subsections apply.
 (b) *** [T]he claim is discharged if the person
 against whom the claim is asserted proves that the
 instrument or an accompanying written communication
 contained a conspicuous statement to the effect that
 the instrument was tendered as full satisfaction of the
 claim." 810 ILCS 5/3-311 (West 1992); Fremarek v. John
 Hancock Mutual Life Insurance Co., 272 Ill. App. 3d
 1067, 1072, 651 N.E.2d 601 (1995).
 We find that Bankers' check satisfied these criteria.
 Bankers tendered a check which stated that it was in full
satisfaction of the claim.
 The amount Bankers' owed Pranno was in dispute. Bankers
believed it owed only the amount stated in the judgment. Pranno
believed that Bankers owed it additional future residual
payments. That is a dispute. 
 Pranno argues that there cannot be accord and satisfaction
here because Bankers did not give him any additional
consideration beyond what it was required to pay by law. Central
Illinois Public Service Co. v. Allianz Underwriters Insurance
Co., 244 Ill. App. 3d 709, 614 N.E.2d 34 (1993). When Pranno
cashed the check, however, he knew there was a dispute. He knew
the parties did not agree on what amount Bankers owed him as a
result of the arbitration award.
 Bankers met the third criterion of part (a) when Pranno
cashed the check. Pranno may have tried to hedge what he was
agreeing to by stating in an affidavit that the check satisfied
only part of the dispute, but "If there is a bona fide dispute as
to the amount due, it makes no difference that the creditor
protests that he does not accept the amount in full satisfaction. 
The creditor must either accept the payment with the condition or
refuse." Nelson v. Fire Insurance Exchange, 156 Ill. App. 3d
1017, 1020, 510 N.E.2d 137 (1987).
 Both the check and letter Bankers sent Pranno clearly
indicated that by cashing the check, Pranno agreed that all
claims between Bankers and Pranno would be satisfied. If Pranno
did not agree to these terms, he should not have cashed the
check.
3. Did the trial court have the power to remand the award back
to the arbitrator?
 The trial court found that "the Arbitrator has jurisdiction
to adjudicate [the] amounts still due and owing and orders this
case transferred back to the arbitrator for this sole
determination."
 The trial court should not have ordered the remand, since
the arbitrator no longer had jurisdiction to resolve the dispute.
 Bankers' suit was based on the motion to vacate provisions
set out in section 13. The only award Bankers asked to vacate
was the clarification. While section 13 allows the trial court
to remand cases to the arbitrators for a rehearing, there would
be no point in holding a hearing on the clarification. The
arbitrator has no authority to grant it. At that point, the case
had ended, the dispute resolved.
 CONCLUSION
 We reverse the trial court's summary judgment order in favor
of the defendant that transferred the cause to the arbitrator for
adjudication of amounts still due. We remand the cause with
directions to enter summary judgment for the plaintiff and to
vacate the arbitrator's clarification of August 19, 1994.
 REVERSED AND REMANDED WITH DIRECTIONS.
 McNAMARA and BURKE, JJ., concur.